## AUFFM'ORDT *v.* RASIN.

1. A., with a view of giving preference to B., a creditor, transferred to him, Nov. 15, 1873, certain securities. B. accepted them with knowledge that A. was insolvent. Proceedings in bankruptcy were instituted against A. Feb. 7 1874, and he was declared to be a bankrupt. His assignee brought suit in June, 1875, against B. for the value of the securities. *Held*, that he was entitled to recover.

2. The tenth section of the act of June 22, 1874 (18 Stat., part 3, 178); whereby, in cases of involuntary or compulsory bankruptcy, the period of four months mentioned in sect. 35 of the Bankrupt Act of March 2, 1867 (14 id. 534), was changed to two months, did not take effect until two months after its passage. It was not intended to destroy previously vested rights of property or of action, nor was it in the nature of a statute of limitations. It merely declared that certain acts thereafter committed, more than two months prior to the institution of proceedings in bankruptcy, should be valid.

APPEAL from the Circuit Court of the United States for the Southern District of New York.

The facts are stated in the opinion of the court.

*Mr. Charles M. Da Costa* for the appellants.

*Mr. H. E. Davies, Jr.*, contra.

MR. JUSTICE MILLER delivered the opinion of the court.

On the fifth day of February, 1874, a petition in bankruptcy was filed in the proper court against Thomas Morrell and C. Cuyler Campbell, and they were duly adjudicated bankrupts. Rasin was appointed assignee, and brought the present

suit, alleging that the defendants, Auffm'ordt & Co., had received by way of preference certain securities from the bankrupts with knowledge of their insolvent condition. A decree for the value of the securities was rendered in his favor, from which this appeal was taken.

The testimony leaves no doubt that the transaction was intended as a security for an existing debt, and that the appellants had reasonable cause to believe that Morrell and Campbell were insolvents. Indeed, it is very clear that the decree must be affirmed, unless the period which elapsed between the receipt of the securities and the beginning of the bankruptcy proceedings was, under the bankrupt law, sufficient to protect the appellants.

The securities were received on the 15th of November, 1873. The period fixed by the act then in force was four months. As the petition in bankruptcy was filed Feb. 5, 1874, the lapse of time is clearly no defence under that act. But Congress, on the twenty-second day of June, 1874, passed an amendatory act, in which is found this clause: "That in cases of involuntary or compulsory bankruptcy the period of four months mentioned in section 35 of the act to which this is an amendment, is hereby changed to two months, but this provision shall not take effect until two months after the passage of this act."

This suit was commenced May 11, 1875, and in the answer of defendants the lapse of two months from the receipt of the securities to the filing of the petition in bankruptcy is pleaded. There is, however, no allegation in the answer or in the bill, nor do we find any record evidence that the petition was filed by creditors, or anything to show whether it was a case of voluntary or involuntary bankruptcy.

The case, however, has been argued by counsel on both sides as if it were the latter, and we will so treat it. This raises the question whether the law as it stood before the amendment of 1874, or the time prescribed in that amendment, governs the rights of the parties in this suit.

It is to be observed that the full period of four months from the receipt of the securities had passed — indeed, more than six months had passed — before the enactment of this amend-

ment, and the bankruptcy proceeding had been initiated within that period and the assignee appointed. The rights of the parties were therefore fixed before the new law was passed. The assignee had a vested right to the securities, or to their value. The legal obligation to return them or to pay him their value had been incurred by the defendants. To hold that Congress intended by this amendatory statute to take away that right of action, is to hold that it intended by a retrospective statute to destroy a vested right of property or an existing right of action. If it be conceded that Congress could do this, the principle is too well established to need the citation of authorities, that no law will be construed to act retrospectively unless its language imperatively requires such a construction. We think the clause in the act of 1874 under consideration not only does not require this, but that such an inference is fairly negatived by the provision that the clause shall not take effect until two months after the passage of the act. The evident purpose of this provision was that in cases where such a transfer has been made as sect. 35 of the original act forbids, but had not at the date of the act been covered by the lapse of four months without the initiation of proceedings in bankruptcy, that provision should remain the law of such cases for two months after the act was passed, though it became immediately the rule as to preferences made after its passage. Congress thus showed its intent to provide one rule for cases where the lapse of time had not yet cured the unlawful transfer made before its passage, and the rule for such transfers made after its passage, leaving by a very strong inference cases where the rights of parties had been fixed under the old law to be governed by its provisions.

There is no question but what Congress could by a statute have limited the time within which an action should be brought in the future, so as to have barred the present action, which was commenced nearly a year after the new law went into effect. But this statute is not a statute of limitation of actions, but a declaration of a period when an act otherwise voidable shall be held to be valid; and we see no reason to believe that in making a new rule on that subject Congress intended to

make it retrospective, for the purpose of destroying rights of property or rights of action which had become vested before the passage of the law.

*Decree affirmed.*