**Lonnie Barrett, Jr., Plaintiff-Appellant, v. Guaranty Bank & Trust Company, Defendant-Appellee.**

Gen. No. 53,163.

First District.

April 17, 1970.

Helmut Eifert, of Chicago, for appellant.

Goldberg, Weigle, Mallin, Gitles & Parson, of Chicago (John Hudson and Terence J. Anderson, of counsel), for appellee.

STOUDER, J.

Plaintiff-Appellant, Lonnie Barrett, Jr., commenced this action in the Circuit Court of Cook County, against Guaranty Bank & Trust Company, Defendant-Appellee, seeking to recover for the alleged violation of chapter 74, section 6, Ill Rev Stats 1967 (Interest Act). The court dismissed plaintiff's complaint for failure to state a cause of action and it is from this judgment that this appeal follows.

The facts are undisputed. On May 6, 1960, defendant extended to plaintiff a construction loan of $25,000, at an interest rate of 6½% per annum. This was a loan for 74 days. In addition to the interest, defendant charged plaintiff a "bank fee" of 3% of the loan or $750. The construction loan was, by mutual agreement, extended for short periods of time and the interest rate was increased to 7% per annum. Two "extension fees" were charged in February and May of 1961, in the amounts of $500 and $549, respectively.

In September, 1962, the principal balance of the construction loan, plus accrued interest thereon, plus the bank fee and the extension fees, plus further advances of money made by defendant to plaintiff were converted into a secured loan of $41,000, payable in monthly installments at an interest rate of 7% per annum. Plaintiff

made the monthly payments required, including principal and interest, through and including May, 1966.

The complaint alleged that the "bank fee" and "extension fees" were usurious, that such usurious charges were extended and included in the existing loan and that the defendant's receipt of interest and the plaintiff's obligations with respect thereto are continuing violations of the Interest Act (c 74, Ill Rev Stats 1963). Recovery of a penalty was sought as provided by the 1963 amendment of § 6, c 74, Ill Rev Stats 1963.

The trial court dismissed the complaint for failure to state a cause of action and on appeal plaintiff argues that this ruling was erroneous. Before discussing such assignment of error, it is necessary to consider the procedure involved since plaintiff also argues that it was erroneous.

With respect to the procedure in the trial court it appears that plaintiff filed his complaint together with a jury demand in June, 1967. Defendant was served with summons on June 30, 1967, but filed no appearance, answer or other pleading. On August 14, 1967, at the request of plaintiff, defendant was defaulted and the case thereafter was by assignment, set for hearing on September 18, as a "jury prove up." On this date the plaintiff appeared, but instead of being permitted to present evidence, he was informed by the court that after examining the complaint it was the opinion of the court that the complaint did not state a cause of action. Plaintiff was permitted to file a brief within 30 days which he did and on October 25, 1967, plaintiff's complaint was dismissed. On this occasion defendant's attorney filed a petition to vacate the default order but at the suggestion of the trial court, the motion was withdrawn. Plaintiff filed a post-judgment motion to vacate the judgment and thereafter defendant filed a memorandum which together with plaintiff's previous memorandum, was considered by the trial court and on

February 4, 1968, plaintiff's motion to vacate the judgment was denied.

In summarizing plaintiff's objections to the procedure which is concededly unusual, plaintiff contends that the sufficiency of the complaint was not properly raised in the trial court and is therefore not a proper issue in this court. As argued by plaintiff and as is apparent from the record, no pleading was ever filed by defendant raising the issue. The trial court in raising the issue sua sponte indicated in its orders only that the complaint did not state a cause of action, no reasons being given for such ruling.

■ ■ Plaintiff relies on chapter 110, section 40(2) and section 42(1), (2) and (3), Ill Rev Stats 1967, which generally provide that objections to pleadings both as to form and substance must be specific and must be made in the trial court and if not timely made, will be waived. The aforementioned sections do not purport to prevent a trial court from considering the sufficiency of a pleading on its own initiative and it would appear inevitable in a default case that the trial court will give the question some consideration if for no other reason than to determine the sufficiency of the evidence. It is also true that a trial court need give no reasons for its rulings and although in cases such as this where the issues are not clearly formed by the pleadings, the better practice might well be to advise counsel of such reasons, the failure to do so does not result in error. The principal case relied upon by plaintiff is Addante v. Pompilio, 303 Ill App 172, 25 NE2d 123. We believe the case has no application since it involves a judgment entered after hearing evidence pursuant to complaint and answer. No question was raised concerning the action of the trial court under circumstances similar to those in the instant case.

■ Even though we believe the procedure could have been more effective, nevertheless we believe that

the issue relating to the failure of the complaint to state a cause of action is properly before us. To hold otherwise would require us to reverse the judgment of the trial court without considering or being able to consider the very issue decided by the trial court.

The substance of plaintiff's argument so far as the merits of the case are concerned, is that the complaint states a cause of action under chapter 74, section 6, Ill Rev Stats 1967. Because the procedure involved as described above did not result in a limitation of the issues, the plaintiff has devoted a substantial portion of his brief to the questions of whether the transactions occurring prior to September 1, 1963, constituted usury. Defendant in its brief concedes that whether such conduct was usurious or not was a question of fact which it could not dispute under the posture of the pleadings. For the purpose of this appeal the only question raised is the applicability of the 1963 amendment to section 6, chapter 74, Ill Rev Stats 1963. Such section provides: "6. Penalty. If any person or corporation knowingly contracts for or receives, directly or indirectly, by any device, subterfuge or other means, unlawful interest, discount or charges for or in connection with any loan of money, the obligor may recover by means of an action or defense an amount equal to twice the total of all interest, discount and charges determined by the loan contract or paid by the obligor, whichever is greater, plus such reasonable attorney's fees and court costs as may be assessed by a court against the lender. The payments due and to become due including all interest, discount and charges included therein under the terms of the loan contract, shall be reduced by the amount which the obligor is thus entitled to recover. Recovery by means of a defense may be had at any time after the loan is transacted. Recovery by means of an action may be had at any time after the loan is transacted and prior to the expiration of 2 years." The afore-

331

mentioned section was enacted in 1963 and became effective September 1, 1963. Prior to 1963, the only penalty provided in section 6 was the forfeiture of interest, as a defense to an action therefore, the lender being entitled to recover the principal obligation. So far as material to this opinion it may be observed from the quotation of the 1963 amendment to section 6 that the borrower is given a direct action against the lender for the recovery of penalties fixed in amounts substantially higher than theretofore existed.

Plaintiff argues that the 1963 amendment of section 6, supra, can and ought to be applied to the transactions occurring prior thereto and further that the receipt of payments of interest after the effective date of the amendment constituted a new violation thereof. Statutory amendments by their nature usually affect the rights and duties of the persons included within the scope of the amendment. How such amendment should affect relationships existing at the time of the amendment is frequently a cause of concern and has been the subject of numerous decisions of courts of review. After reviewing the authorities cited by each of the parties it would appear that neither the present amendment nor any quite similar to it have been considered by the courts of this State.

 Retroactive application of legislation is not favored and as a general rule statutes are construed to operate prospectively unless the legislative intent that they be given retroactive application clearly appears from the express language of the Acts, or by necessary implication. United States Steel Credit Union v. Knight, 32 Ill2d 138, 204 NE2d 4. A retroactive statute as defined in Corpus Juris Secundum 82, section 412, and approved in United Steel Credit Union v. Knight, supra, is one which takes away or impairs vested rights acquired under existing laws, or creates a new obliga-

tion, imposes a new duty, or attaches a new disability with respect to transactions or considerations already past. See also Ill Rev Stats 1967, c 131, § 4 (Savings Statute).

█ Whether a statute ought to be given retroactive application depends on the intention of the legislature and on the nature of the interest affected. Such conditions are mutually related since ordinarily the legislature will not be deemed to have intended to affect retroactively a right or interest not subject to the modification proposed. Sometimes the interest which can not be affected by the retroactive application of such amendment is described as vested or substantive as distinguished from matters which are considered procedural or remedial.

Statutory amendments extending the period of time during which an action may be brought have generally been held to be procedural and therefore applied retroactively as of the commencement of the action rather than when it accrued. Orlichi v. McCarthy, 4 Ill2d 342, 122 NE2d 513 and Pratt v. Hayes, 20 Ill App2d 457, 156 NE2d 290. On the other hand, in Hogan v. Bleeker, 29 Ill2d 181, 193 NE2d 844, the court declined to give retroactive application to an amendment which limited the time for foreclosing special assessment liens to five years when no limitation existed prior thereto. The Hogan case discusses the many aspects of retroactive application problems and indicates that prospective application of statutory changes is preferred unless some substantial purpose of the legislation would be defeated.

That the amendment in the instant case ought not to be given retroactive application is, we believe, required by Theodosis v. Keesin Motor Express, 341 Ill App 8, 92 NE2d 794. In Theodosis, the court refused to approve retroactive application of an amendment to the Inju-

ries Act which increased the maximum amount recoverable in a death action from $10,000 to $15,000. The court, after reviewing the prior authorities, concluded that the defendant's liability could not be increased after the act had occurred fixing such liability. It should be observed that the court reaches this conclusion even though the injured party may have sustained damages within the higher limitation.

■ ■ If, as in the instant case, the increased liability is a penalty unrelated to actual damages, there would appear to be even greater reason for denying retroactive application. See Lichter v. Scher, 11 Ill App2d 441, 138 NE2d 66. Since the law does not favor penalties, a statute will not be so applied as to increase the penalty after the conduct to be penalized has already occurred. Whether the right of a defendant be described as a vested interest or an exemption from increased consequences, we believe that the legislature neither intended retroactive effect nor was the interest of the defendant one which could be affected retroactively.

■ ■ This brings us to the plaintiff's argument that the statute need be given only a prospective effect in order to hold that the payments of interest received after September 1, 1963, violated the penalty provision. As indicated in Equitable Life Assur. Society of United States v. Scali, 38 Ill2d 544, 232 NE2d 712, usury is the exaction of excessive interest contrary to the statute. Usury occurs at the time of such exaction. If any usurious conduct took place in the transaction involved in this case, it took place either at the time the fees were exacted or at the time the final loan was made which included such charges. Nothing was done by either party on the date of the enactment of the 1963 amendment. On that date and thereafter, a particular amount of principal was due the defendant and interest at the legal rate was charged and received on said amount. With respect to the principal due on September

1, 1963, there is no contention that the interest received thereafter exceeded the legal rate provided by statute and accordingly it is our view that no violation of the statute took place after the effective date of the 1963 amendment.

For the foregoing reasons the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

RYAN, P. J. and ALLOY, J., concur.