In re Jerry Wayne PIERCE, Debtor.

Jerry Wayne PIERCE, Plaintiff,

v.

OKLAHOMA HEALTH SERVICES FEDERAL CREDIT UNION, Defendant.

Bankruptcy No. 80–00053.

Adversary No. 80–0018.

United States Bankruptcy Court,
W. D. Oklahoma.

June 17, 1980.

Kenneth L. Spears, Oklahoma City, Okl., for debtor-plaintiff.

Leamon Freeman, Oklahoma City, Okl., for defendant.

## OPINION OF THE COURT

ROBERT L. BERRY, Bankruptcy Judge.

*Statement of the Case*

Plaintiff, the Debtor herein, has filed a complaint to avoid a lien imposed by Defendant's nonpossessory, nonpurchase-money security interest in Plaintiff's personal and household goods. Plaintiff's complaint is based on 11 U.S.C. § 522(f) which provided in pertinent part:

"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

\*    \*    \*    \*    \*    \*

"(2) a nonpossessory, nonpurchase-money security interest is any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

\*    \*    \*    \*    \*    \*

11 U.S.C. § 522, as part of the new Bankruptcy Act, became effective October 1, 1979. The previous Bankruptcy Act contained no such provision. Defendant therefore contends that 11 U.S.C. § 522(f) has no application to lawful loans made prior to October 1, 1979. Defendant argues that application of this statute to loans made prior to October 1, 1979, violates the provisions of the Constitution of the United States in that such application fails to provide defendant with due process and unconstitutionally deprives Defendant of its property.

*Facts*

The facts have been stipulated by the parties as follows:

"1. Bankrupts filed their voluntary Petition on January 11, 1980.

"2. That some two years prior to the Bankruptcy Petition being filed, the Bankrupts borrowed money from the defendant credit union and pledged as security their household goods and a 1973 Chevy automobile.

"3. That the Defendant, Oklahoma Health Services Federal Credit Union, has a non-possessory, non-purchase/money security interest in household goods and personal goods as defined within 11 U.S.Code Section 522(F).

"4. That the bankrupts have filed a complaint to void said Lien which they allege impairs the exemptions that they are entitled to under Section 11 U.S.Code Section 522 B.

"5. The above stipulations are agreed upon by both parties as those facts relevant to this litigation."

### Conclusions of Law

It is obvious that the security interest and lien involved herein falls squarely within the provisions of 11 U.S.C. § 522(f). The sole issue before this Court, therefore, is whether, with regard to constitutional considerations, 11 U.S.C. § 522(f) should be accorded retrospective application to transactions which occurred prior to the effective date of the new Bankruptcy Act.

Nearly one hundred years ago, the United States Supreme Court considered the issue of whether a provision in the bankruptcy law should be applied retrospectively. In the case of *Auffm'ordt v. Rasin*, 102 U.S. 620, 26 L.Ed. 262 (1881), a debtor transferred certain securities to a creditor as security for an existing debt. This transfer was made on November 15, 1873. The bankruptcy law at the time of this transfer voided transfers made by bankrupts which gave preference to creditors within *four* months of the filing of a bankruptcy petition.

On February 5, 1874, two and one-half months after the security transfer, a petition in bankruptcy was filed against the debtor who was duly adjudicated bankrupt.

The bankruptcy law was subsequently amended, effective August 22, 1874, to void such transfers made only within *two* months prior to the filing of a bankruptcy petition.

On May 11, 1875, the debtor's assignee brought suit under the prior bankruptcy law to recover the securities as a preferential transfer. The defendant creditor answered that the two-month period, as stated in the bankruptcy amendment, had lapsed between the receipt of the securities and the filing of the bankruptcy petition. In deciding not to apply the bankruptcy amendment retrospectively so as to defeat the assignee's action, the Supreme Court said:

"It is to be observed that the full period of four months from the receipt of the securities had passed, indeed, more than six months had passed, before the enactment of this amendment, and the bankruptcy proceeding had been initiated within that period and the assignee appointed. The rights of the parties were therefore fixed before the new law was passed. The assignee had a vested right to the securities, or to their value. The defendants were under legal obligation to return these securities or to pay their value to the assignee. To hold that Congress intended by this amendatory statute to take away that right of action, is to hold that it intended by a retrospective statute to destroy a vested right of property or an existing right of action. If it be conceded that Congress could do this, the principle is too well established to need the citation of authorities, that no law will be construed to act retrospectively unless its language imperatively requires such a construction . . . ."

In the case of *Holt v. Henley*, 232 U.S. 637, 34 S.Ct. 459, 58 L.Ed. 767 (1914), the Supreme Court faced the issue of whether to apply a bankruptcy statute retrospectively so as to defeat the rights of a lien creditor. That case involved a debtor who, in 1909, contracted to have a sprinkler system installed in his mill. The installation contract provided that the system was to re-

main the creditor's property until paid for and the creditor was to have a right to enter and remove it upon a failure to pay as agreed. A State statute provided that unless registered as therein described, such sales were void as to lien creditors and as to purchasers for value without notice from the vendee. This sale was not so registered.

Subsequently, in 1910, Congress amended the bankruptcy law giving bankruptcy trustees the rights of a lien creditor as to certain property. The trustee, relying on this amendment, made a claim on the sprinkler system. Notwithstanding the fact that the creditor failed to register his lien, the Supreme Court decided not to give the amendment retrospective effect and thus upheld the creditor's lien. In rendering its opinion, the Court said:

"The trustees in bankruptcy . . . rely upon the act of June 25, 1910, . . amending . . . the bankruptcy act . . . and giving them, as to all property coming into the custody of the bankruptcy court, the rights of a creditor holding a lien. Before that amendment, [the creditor] had a better title that the trustees would have got. [Citations omitted] We are of opinion that the act should not be construed to impair it. We do not need to consider whether or how far in any event the constitutional power of Congress would have been limited. It is enough that the reasonable and usual interpretation of such statutes is to confine their effect, so far as may be, to property rights established after they were passed . . . ."

The case of *Ginsberg v. Lindel*, 107 F.2d 721 (8th Cir. 1939), also considered the issue of retrospective application of bankruptcy law regarding lien rights. That case involved an Iowa debtor who had leased certain business property and had defaulted on the lease payments.

The Code of Iowa of 1935 provided for a landlord's lien upon the personal property of a tenant, used or "kept" on the leased premises, to the extent of a year's rent. The unpaid rent giving rise to the lien was for the period of December 1, 1937, to Octo-

ber 31, 1938. The bankruptcy petition was filed on November 22, 1938.

The Chandler Act, approved on June 22, 1938, amended the Bankruptcy Act giving a priority for rent to a landlord only to the extent of three months' rent. Under the Iowa Code and the Bankruptcy Act prior to the Chandler Act all the accrued rent for the year preceding bankruptcy was secured by a valid statutory lien and was entitled to priority.

The trustee in bankruptcy contended that since the approval of the Chandler Act the landlord was only entitled to a priority lien to the extent of three months' rent. In denying retrospective application of the Chandler Act and finding in favor of the landlord, the Court said:

"The . . . contention that a right created by statute may be annulled by statute is equally erroneous in so far as the argument implies that vested property rights may be destroyed. Legislation by Congress may supersede that of a state in a particular instance, but Congress can not repeal a state law; nor can it exert control over individual property rights except in the proper exercise of its constitutional powers. The state which enacted the law may repeal it, but the repealing act can not destroy property rights vested under the old law. . . . (Citations omitted) . . .

"Of course under the bankruptcy power Congress may provide for the fair and equitable distribution of a debtor's property among his creditors; may discharge the debtor from liability for preexisting debts; may impair or destroy the obligation of private contracts; and may effect changes in the lienholder's remedy or delay its enforcement . . . *Kuehner v. Irving Trust Co.*, 299 U.S. 455, 57 S.Ct. 298, 81 L.Ed. 340; . . . (other citations omitted) . . . There is, however, a significant difference between a property interest and a contract, *Kuehner v. Irving Trust Co.*, supra, and the exercise of these powers does not permit the total or partial destruction of vested property rights. Due process of law in-

hibits the taking of one man's property and giving it to another, contrary to settled usages and modes of procedure, and without notice or opportunity for a hearing." *Ochoa v. Hernandez*, 230 U.S. 139, 141, 33 S.Ct. 1033, 1041, 57 L.Ed. 1427. Congress, in the exercise of the bankruptcy power, is bound by this principle and may not take a property right from one creditor and transfer it without compensation to another without violating the Fifth Amendment. *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 601, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106. When the vested lien of the landlord is taken away by an order of the bankruptcy court and the property impressed with that lien is given to the general creditors of the bankrupt, the landlord is clearly deprived of a property right without just compensation. That is as true when the property right is a landlord's lien as when it is a mortgage.

"There is nothing contained in the Chandler Act to indicate that Congress intended that section 64, sub. a, should be construed retrospectively; and in the absence of explicit language requiring such construction we are not disposed so to construe it, especially when to do so would result in depriving a citizen of a vested right. *It is the general rule that a retrospective operation will not be given to a statute which interferes with antecedent rights, unless such be the unequivocal and inflexible import of its terms and the manifest intention of the legislature . . . (Citations omitted) (Emphasis added) . . . "*

This Court can find no terms in the new Bankruptcy Act which by their unequivocal and inflexible import, show a manifest intention of the legislature that this act should be given retrospective effect so as to defeat the vested rights of a lien creditor. Therefore, in light of the foregoing authority, this Court feels compelled to hold that 11 U.S.C. § 522(f) of the new Bankruptcy Act shall not be given retrospective effect.

It should specifically be noted here that the security interest herein was conveyed prior to November 6, 1978, the date upon which the new Bankruptcy Act was signed. This Court therefore does not decide whether transactions occurring prior to October 1, 1979, the effective date of the act, but after November 6, 1978, are affected by 11 U.S.C. 522(f).

THIS COURT THEREFORE HOLDS that:

1. To allow retrospective application of 11 U.S.C. § 522(f) to the lien herein at issue would constitute a deprivation of constitutional due process to the defendant;

2. That 11 U.S.C. § 522(f) shall not be given retrospective application; and

3. Plaintiff's complaint shall be dismissed by appropriate order.