In re Randy Earl HENDERSON, Robin Lynn Henderson a/k/a Robin Lynn Elbaor, Debtors.

Randy Earl HENDERSON, Robin Lynn Henderson a/k/a Robin Lynn Elbaor, Plaintiffs,

v.

BENEFICIAL FINANCE CO., Defendant.

Bankruptcy No. 79–60847.
Adv. No. 80–6014.

United States Bankruptcy Court,
N. D. Indiana,
Hammond Division.

Nov. 17, 1980.

Zarko Sekerez, Merrillville, Ind., for debtors.

Joseph McDonald, Merrillville, Ind., for defendant, Beneficial Finance Co. of Indiana.

## MEMORANDUM

RUSSELL H. NEHRIG, Bankruptcy Judge.

Several cases are pending which involve the common question whether Section 522(f) of the Bankruptcy Code enables debtors to avoid liens on household goods created by security agreements entered into prior to the code. The particulars of each case would not add anything to the opinion and will not be recited so that a common opinion can be entered which will be applicable to all.

The outcome depends upon one's view of two other questions:

Do such agreements create substantive rights in property and, if they do, would the application of Section 522(f) render it unconstitutional as depriving the holders of due process under the Fifth Amendment?

Although the code is new, numerous decisions have been reported which reach opposite results. The cases are reported very close together in Bankruptcy Court decisions, CRR, Vol. 6. They are remindful of an old saying about a certain law digest which was: If you do not like what you are reading, turn the page.

Some bankruptcy attorneys believe that a security interest agreement creates only a remedy and no substantive rights and that the elimination of the remedy is not violative of the constitution. However, this court thinks a creditor's remedy to take possession of the security property on a default is dependent upon the existence of an underlying substantive right and that the elimination of the remedy destroys the substantive right.

In the case of *Louisville Joint Stock Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935), the Supreme Court had before it the question of the constitutionality of the Frazier-Lemke Act of 1933 which amended Section 75 of the Bankruptcy Act. The Act was intended to give farmers a means of saving their farms from mortgage foreclosures. It provided that a debtor could obtain a five-year stay of state foreclosure proceedings form a court of bankruptcy. The debtor would retain possession of his property under court supervision, subject to the payment of a reasonable rent. At the end of that period of stay, the debtor would pay into court an appraised price and obtain the property free and clear of the original indebtedness. The creditor would receive the benefits of the rents and appraised price, but lose rights and remedies that had been available to him under the terms of the mortgage. The court held that the Frazier-Lemke Act as applied took from the bank and gave to Radford rights in specific property of substantial value acquired prior to the Act and that it violated the Fifth Amendment.

■ The court in *Radford* was confronted with a law which clearly was retrospective in its application. The code section before this court contains nothing to show whether it is intended to apply retrospectively to existing agreements or only prospectively to those made after its enactment. If the section were construed to be retrospective, the court would feel compelled to hold that the law took property without due process. While the property rights involved in some agreements may not involve large amounts of money, interpretations of law and determinations as to constitutionality ought to be made on principles of law and not be measured or governed by dollar amounts. Some decisions holding the code section constitutional when applied to pre-code contracts have done so in reliance on the belief that the Congress wanted to give debtors a fresh start. The "fresh start" concept has been around for many years and there was no need for the Congress to be in an all-fired hurry to apply it in the code at the risk of rendering the law unconstitutional.

■ The court's decision was made with some misgivings, at the beginning, about whether it is contra to the decision of the Court of Appeals of the Seventh Circuit in the case of *First National Bank of Chicago v. Prima Co., et al*, 88 F.2d 785 (7th Cir. 1937). That decision contains strong language about the power of Congress in the

field of bankruptcy. The debtor in that case was a large manufacturer and distributor of beer in bankruptcy court in a reorganization proceeding under Section 77 B. The district court authorized the issuance of trustee's certificates and provided that they be a first lien ahead of an existing mortgage. The opinion does not disclose whether they were issued pursuant to an amendment of the Bankruptcy Law or what else gave rise to the court's language about the power of Congress to alter contractual rights of creditors. However, in the instant case the court has taken the view that pre-code contracts were not altered by Section 522(f) of the code.

The court's interpretation of the code finds support in the case of *Auffmordt v. Rasin,* 102 U.S. 620, 26 L.Ed. 262 (1881). A debtor transferred securities within four months of bankruptcy which would have been voidable as a preference under the existing four months rule. Bankruptcy was filed two and one half months later. Thereafter, the law was changed to cover transfers within two months of bankruptcy. The Supreme Court said:

"To hold that Congress intended by this amendatory statute to take away that right of action, is to hold that it intended by a retrospective statute to destroy a vested right of property or an existing right of action. If it be conceded that Congress could do this, the principle is too well established to need the citation of authorities, that no law will be construed to act retrospectively unless its language imperatively requires such a construction."

The question will remain open whether the controlling date of agreements should be the date the code was enacted on November 6, 1978 or its effective date on October 1, 1979.