**In the Matter of Henry J. MALPELI, Debtor.**

**Henry J. MALPELI, Plaintiff,**

v.

**BENEFICIAL FINANCE CO. OF ILLINOIS, INC., Defendant.**

**No. 79 B 40003.**

United States of Bankruptcy Court, N. D. Illinois, E. D.

Nov. 24, 1980.

Russ M. Strobel, Friedman & Koven, Chicago, Ill., for Beneficial.

Donald M. Leibsker, Chicago, Ill., for debtor.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

These proceedings arise from the United States Trustee's Application to Adjust Claim on behalf of Henry J. Malpeli (hereinafter "debtor"). Beneficial Finance Co. of Illinois, Inc. (hereinafter "Beneficial") opposes the application as violative of the U.S. Constitution. Debtor's application seeks to avoid Beneficial's nonpossessory, nonpurchase–money security interests in certain of debtor's household and personal goods pursuant to 11 U.S.C. § 522(f) (hereinafter "§ 522(f)").[1] The United States, through the United States Attorney, has

---

1. Section 522(f) of the Code provides in pertinent part that:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–

\* \* \* \* \* \*

(2) a nonpossessory, nonpurchase–money security interest in any–

(a) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

\* \* \* \* \* \*

11 U.S.C. § 522(f).

intervened pursuant to 28 U.S.C. § 2403. The parties in interest have supplied this court with well–researched memoranda.

The sole issue presented is whether § 522(f) violates the Fifth Amendment of the United States Constitution when applied to nonpossessory, nonpurchase–money security interests perfected before enactment of the Bankruptcy Reform Act of 1978 (hereinafter "The Code"). The Fifth Amendment provides that: "No person . . . shall . . . be deprived of life, liberty or property without due process of law; nor shall private property be taken for public use, without just compensation." Upon a reading and consideration of the cases and statutes cited by the parties, and the conducting of its own research, this court holds that § 522(f) violates the due process clause when retroactively applied to security interests perfected before enactment of the Code.

The following facts are not in dispute. (See Stipulation of Facts, 79 B 40003, filed May 22, 1980.) On July 21, 1978 Beneficial loaned debtor $3,276 and debtor, to induce said loan, granted Beneficial nonpossessory, nonpurchase–money security interests in certain of debtor's household and personal goods valued at $4,000. Beneficial perfected said security agreements on July 28, 1978 by filing a financing statement with the Illinois Secretary of State pursuant to Illinois law. The Code was enacted on November 6, 1978 and became effective on October 1, 1979. Debtor filed his Chapter 13 petition on October 31, 1979 and Beneficial is classified as an unsecured creditor. Debtor proposes to pay secured creditors 100% and unsecured creditors 10%.

Beneficial contends § 522(f) should not be retroactively applied because Congress did not explicitly intend to give the statute an unconstitutional retroactive effect. Beneficial further contends that applying § 522(f) retroactively violates the Fifth Amendment's due process clause. Beneficial states that *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935) (hereinafter *Radford*) and the cases following it, along with general rules of statutory construction, compels a ruling in their favor. The United States contends that Congress intended § 522(f) to apply retroactively and that *not* applying § 522(f) retroactively would defeat the Congressional purpose as well as debtor's expectations. The United States further contends that Congress' bankruptcy power includes the power to impair contractual obligations. Finally, the United States argues that the cases following *Radford* have "either ignored or enervated it" (Govt. Brief page 16), and therefore Beneficial has not been deprived of substantial and substantive property rights without due process of law.

Beneficial and debtor voluntarily executed a "security agreement." Said agreement created a "security interest." 11 U.S.C. § 101(36). A security interest is a ". . . lien created by an agreement." 11 U.S.C. § 101(37). A "lien" is a ". . . charge or interest in property to secure payment of a debt . . ." 11 U.S.C. § 101(28). Therefore, Beneficial's perfected security agreements gave them vested property rights in specific personal property of the debtor. Pursuant to Illinois law, Beneficial as a secured party has the following property rights upon the debtor's default:

1. The right to take possession and control of the collateral.

2. The right to sell or lease the collateral.

3. The right to sell the collateral at a public or private sale in the time, place and manner of its own choosing, subject only to commercial reasonableness.

4. The right to keep the collateral in satisfaction of the obligation.

S.H.A. ch. 26, § 9–501 et seq.

### I.

First, this court must decide whether Congress intended § 522(f) to retroactively apply to liens perfected prior to enactment of the Code. In 1880, the United States Supreme Court in *Auffm'ordt v. Rasin*, 102 U.S. 620, 26 L.Ed. 262 refused to destroy a vested property right by retroactively applying a statute. The Court stated that:

The principle is too well established to need the citation of authorities, that no law will be construed to act retrospectively *unless its language imperatively requires such a construction.* (Emphasis added) *Id.* 102 U.S. at p. 622.

This general principle was reiterated in *Ginsburg v. Lindel,* 107 F.2d 721 (8th Cir. 1939), where the court said:

A retrospective operation will not be given to a statute which interferes with antecedent rights, *unless such be the unequivocal and inflexible import of its terms and the manifest intention of the legislature.* (Emphasis added) *Id.* at p. 726.

Another case which considered the appropriateness of retroactive application of a Bankruptcy Act amendment held that:

The amendatory provision should not be construed to have retrospective effect unless such *is compelled by the express language of the statute.*

*In re Freeze–In Manufacturing Corporation,* 128 F.Supp. 259 at 261 (1955) (Emphasis added). See also *Holt v. Henley,* 232 U.S. 637, 34 S.Ct. 459, 58 L.Ed. 767 (1914). This court is not convinced that the language of § 522(f) "imperatively requires" a retroactive application, nor does § 522(f)'s "express language" compel such a construction. By finding that Congress had no "manifest intent" for § 522(f) to apply to liens perfected before the Code was enacted, this court follows a general rule of statutory construction by construing a statute so as to preserve its constitutionality where possible. *Wright v. Vinton Branch of the Mountain Trust Bank,* 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736 (1937). Retroactive operation may fulfill the debtor's expectations, as the United States contends, but it destroys the expectations of Beneficial who perfected its lien 15 months before the Code was effective. The court holds that Congress did not intend § 522(f) to apply to nonpossessory, nonpurchase–money security interests perfected prior to the Code's enactment.

## II.

Assuming, *arguendo,* that Congress intended § 522(f) to apply retroactively, the issue is: does § 522(f) violate the Fifth Amendment when applied to security interests perfected before enactment of the Code? As discussed above, Beneficial has a vested property right in the debtor's specified personal property pursuant to their security agreements. If § 522(f) is applied to Beneficial, Beneficial will lose all its rights under Illinois law, *supra.* Beneficial will not be able to take possession of the collateral and will not be able to keep the collateral to satisfy the obligation. Beneficial will be relegated to the status of a general unsecured creditor entitled to 10% of its claim.

It is indisputable that a "court of bankruptcy may affect the interest of lienholders in many ways...." *Vinton Branch, supra.* However, it is generally understood that lienholders substantive rights must be protected. Courts will affect the lienholder's remedies, but:

Statutes for the relief of mortgagors, when applied to preexisting mortgages...were sustained by the court when...they were found to preserve substantially the right of the mortgagee to obtain, through application of the security, payment of the indebtedness. They were stricken down,...when it appeared that this substantive right was substantially abridged. *Radford* at p. 581, 55 S.Ct. at p. 859.

Furthermore:

Not even changes of the remedy may be pressed so far as to cut down the security of a mortgage without moderation or reason.... *W. B. Worthen Co. v. Kavanaugh,* 295 U.S. 56 at 60, 55 S.Ct. 240 at 60, 79 L.Ed. 1298 (1935).

If § 522(f) applies to Beneficial, Beneficial's substantive rights are destroyed. Beneficial will be unable to apply the security to payment of the indebtedness.

In *Radford,* the farmer–debtor applied for relief under the Frazier–Lemke Act of 1934. The 1934 Act allowed farmer–mortgagors to stay all foreclosure proceedings

on their farms for five years so long as they paid "reasonable" rent. After five years, the farmer–mortgagor could purchase the property at its appraised value. The Court in *Radford* found that the 1934 Act affected five property rights of the bank–mortgagee. Those property rights were similar to Beneficial's property rights under Illinois law, *supra*. In *Radford*, the court held the just compensation clause of the Fifth Amendment was violated. The issue in *Radford* was:

> whether the Frazier–Lemke Act as applied has taken from the bank without compensation, and given to Radford, rights in specific property which are of substantial value...As we conclude that the Act as applied has done so, we must hold it void. *Id.* 295 U.S. at 601, 55 S.Ct. at 868.

Another court has cogently summed up *Radford* as standing:

> for the proposition that a substantive right in specific property cannot be substantially impaired by legislation enacted after the right has been created without doing violence to the property owner's right to due process.

*Rodrock v. Security Industrial Bank*, 3 B.R. 629 at 632 (Bkrtcy.Colo.1980). If § 522(f) is applied to Beneficial's liens, Beneficial's substantive rights will be impaired exactly as the Bank's rights were impaired in *Radford*. Therefore, pursuant to *Radford*, § 522(f) is unconstitutional when applied to Beneficial's liens.

The United States argues that *Vinton Branch, supra*, and *Kuehner v. Irving Trust Co.*, 299 U.S. 445, 57 S.Ct. 298, 81 L.Ed. 340 (1937) represent "steps in the flight away from *Radford*." (Govt. Brief at 16). Careful analysis of those cases reveals the the United States is in error. Neither case retreats from *Radford's* basic principles, nor does either case "ignore or enervate" *Radford*. The new Frazier–Lemke Act considered in *Vinton Branch* was carefully tailored to fit within *Radford's* constitutional guidelines. The new Act considered in *Vinton Branch* carefully preserved for the mortgagee all the "rights...essential to the

enjoyment of his security." *Vinton Branch*, 300 at 457, 57 S.Ct. at 559.

The United States argues correctly that Congress may impair the obligations of contracts. However, "there is, as respects the exertion of the bankruptcy power, a significant difference between a property interest and a contract..." *Kuehner*, 299 U.S. at p. 451–452, 57 S.Ct. at 301. § 522(f) cannot be applied so as to destroy Beneficial's property rights without violating the Fifth Amendment. Congress itself realizes it cannot destroy property rights as illustrated in the legislative history of § 522:

> ...The bankruptcy discharge will not prevent enforcement of valid liens. The rule of *Long v. Bullard*, 117 U.S. 617 [6 S.Ct. 917, 29 L.Ed. 1004] (1886), is accepted with respect to the enforcement of valid liens on nonexempt property as well as exempt property. Cf. *Radford*.

House Report No. 95–595, 95th Cong., 1st Sess. (1977) 361, U.S.Code Cong. & Admin. News 1978, pp. 5787, 6317. See also Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 76. The legislative history to 11 U.S.C § 361 also reaffirms the validity of *Radford* :

> The concept of adequate protection is derived from the Fifth Amendment protection of property interests as enunciated by the Supreme Court. *See...Radford.*

Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 49; See also House Report No. 95–595, 95th Cong., 1st Sess. (1977) 338–40, U.S.Code Cong. & Admin.News 1978, p. 5835. The United States authorities do not convince the court that § 522(f) can be constitutionally applied to avoid Beneficial's property interests.

Finally, the United States contends that Beneficial has not been deprived of substantial and substantive property rights. This contention is simply untenable. The Fifth Amendment protects *property*. The nature of the property, real or personal, and the money value of the property are irrelevant. This court sees no reason to grant a mortgage holder greater constitutional protection than a "mere" lienholder. In *Ginsberg v. Lindel, supra* at page 726, the court drew

no distinction between the landlord's lien for unpaid rent and a mortgage when it regarded Fifth Amendment protection. Likewise in *Armstrong v. United States,* 364 U.S. 40, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960), the court held that government destruction of valid mechanics liens violated the Fifth Amendment. The court explicitly refused to treat the mechanics lien different from the bank's interest in *Radford.* Finally, this court agrees with the *Armstrong* court that these types of liens constitute compensable property since "before the liens were destroyed, the lienholders admittedly had compensable property. Immediately afterwards they had none." *Armstrong,* supra at 48, 80 S.Ct. at 1568.

### III.

The issue before the court—whether § 522(f) is unconstitutional when applied to pre–enactment security interests—has recently been considered by many courts and the results are rather evenly divided.[2] Four cases, *Ambrose, Curry, Rutherford* and *Baker, supra,* dealt with security interests perfected prior to enactment of the Code and held § 522(f) constitutional as applied to such interests. These courts all basically had the same rational for their findings. Each court analyzed the constitutionality of § 522(f) by a minimum scrutiny standard. They presumed the statute constitutional unless its unconstitutionality was clear or it was unconstitutional beyond a reasonable doubt. Theses cases, did not face squarely the impact of *Radford,* and the cases following it when applied to § 522(f). Moreover, they indicated that it was the appellate court's province to determine the constitutionality of the statute.

Having undertaken its obligation to deal with the issue, this court finds § 522(f) clearly unconstitutional when applied to pre- enactment date security interests. The constitutionality of § 522(f) as applied to security interests arising between the enactment date and the effective date of the Code is not now an issue before this court. Briefly, it is acknowledged that § 522(f) was enacted to protect debtors from overreaching creditors. Notwithstanding that permissible and laudable public purpose, § 522(f) cannot destroy creditors' substantial and substantive property rights when those rights arose before the Code was even enacted.

Finally, six cases[3] have held § 522(f) unconstitutional when applied to nonpossessory, nonpurchase–money security interests perfected before the Code was enacted. The facts of the case at bar are identical to the above–mentioned six cases. Those cases, as well as this court, concluded that *Radford* is still good law and that *Radford* controls the issue herein. As the court in *Hoops* stated, "Due process itself changes, but it *has never and will never allow the retroactive extinguishment of valid liens* absent the direct of circumstances." (Emphasis added) *Id.* at 640. The Court in *Rodrock,* after a thorough analysis of *Radford* and subsequent cases held that:

> Although *Radford* may be old, it is far from dead. Indeed, it stands as a venerable and vigorous sentinel of due process rights . . . It seems evident that legislation which effects the total deprivation of a substantive right in specific property antedating the statute is unreasonable. *Rodrock* at 633.

To conclude, based upon the language of § 522(f) and general rules of statutory con-

**2.** See: *In re Hoops,* 3 B.R. 635 (Bkrtcy.Colo. 1980); *In re Steinart,* 2 C.B.C. 2d 166 (Bkrtcy. La.1980); *In re Schulte et al.,* No. 79 11718 (Kan. Oct. 24, 1980); *In re Jackson,* 4 B.R. 293, 2 C.B.C.2d 91 (Bkrtcy.Colo.1980); *Matter of Baker et al.,* 5 B.R. 397, 2 C.B.C.2d 844 (Bkrtcy. Mo.1980); *In re Lucero,* 4 B.R. 659, 6 B.C.D. 477 (Bkrtcy.Colo.1980); *In re Head,* 4 B.R. 521, 6 B.C.D. 489 (Bkrtcy.Tenn.1980); *In re Beck,* 4 B.R. 661, 4 B.C.D. 491 (Bkrtcy.C.D.Ill.1980); *Rodrock v. Security Industrial Bank,* 3 B.R. 629

(Bkrtcy.Colo.1980); *In re Ambrose,* 4 B.R. 395, 6 B.C.D. 454 (Bkrtcy.Ohio 1980); *In re Pierce,* 4 B.R. 671, 6 B.C.D. 484 (Bkrtcy.Okl.1980); *In re Curry,* 5 B.R. 282, 2 C.B.C. 710 (Bkrtcy.Ohio 1980); *Matter of Rutherford,* 4 B.R. 510, 2 C.B.C. 728 (Bkrtcy.Ohio 1980); *Hawley v. Avco Financial Services of Oregon, Inc.,* 4 B.R. 147, C.C.H. par. 67,431, page 77,742 (Bkrtcy.1980).

**3.** See *Pierce, Hoops, Rodrock, Hawley, Jackson, Scholte*; all *supra* at note 2.

struction, this court holds that § 522(f) was not intended by Congress to apply to security interests perfected before the Code was enacted. However, even if Congress intended § 522(f) to be retroactively applied, it is held by the Court that applying § 522(f) to nonpossessory, nonpurchase-money security interests perfected before the enactment date of the Code violates the Fifth Amendment. *Radford* and the cases following clearly control the determination of the instant case.

IT IS THEREFORE ORDERED that the Trustee's Application to Adjust Claim is hereby denied.