In re Frederick K. HARTH and Paula Jean Harth, Debtors.

CAPITOL CREDIT UNION, Plaintiff,

v.

Frederick K. HARTH and Paula Jean Harth, Defendants.

Bankruptcy No. BK–79–01842.
Adv. No. 80–0106.

United States Bankruptcy Court,
W. D. Oklahoma.

June 25, 1981.

Andrew L. Hamilton, Oklahoma City, Okl., for debtors.

James A. McCaffrey, Edmond, Okl., for Capitol Credit Union.

## MEMORANDUM ORDER

DAVID KLINE, Bankruptcy Judge.

### STATEMENT

After required notice, this matter came on for hearing upon Capitol Credit Union's Code § 523(a)(2) complaint to have its debt deemed nondischargeable because incurred through debtors' false pretenses or submitted materially false written financial statement. Additionally, Capitol Credit Union asserts that it has a security interest in certain household goods and tools of the trade which the debtors claim exempt and seek to avoid under Code § 522(f)(2). After a full evidential hearing the Court, from the bench, held that Capitol Credit had failed to establish by an evidential fair preponderance debt nondischargeability, but took under advisement the exemption lien avoidance issue.

### ISSUE

The issue herein is whether the avoidance power set forth in Bankruptcy Code § 522(f) may be exercised by the debtor as to security interests and agreements entered into on March 6, 1979 and August 10, 1979, after enactment of the Bankruptcy Reform Act on November 6, 1978, but prior to October 1, 1979, when most substantive features of the Act were to go into effect.

### FACTS

The debtors entered into a series of revolving loan agreements with Capitol Credit Union to acquire personal property and to refinance unpaid balances of various accounts.

On January 10, 1979, the debtors granted to Capitol Credit a security interest in the following tools: 1977 Snap-on-top box, full sets of ⅜ inch drive deep well sockets, half-inch drive deep well sockets, ⅜ inch drive flex sockets, ⅜ inch extensions, half-inch Inpact ratchet; and a set of ten wrenches, from ⅜ to ⅞ inches in size; and on August 10, 1979, the debtors granted a security interest in the following personalty: 1930 antique bedroom suite, 1900 antique walnut server, 1975 4-piece Realistic stereo, 1978 air compressor, 1978 tool chest, 1978 one-half inch grinder, 5-ton jack, 1978 Porta-pull hoist, 4-inch vise, air belt and air hammer.

### CONCLUSION

Although there is opinion conflict at the bankruptcy court level concerning the retroactive application of the avoiding authority of Code § 522(f)(2) the law in this district bars lien avoidance on any transaction entered into prior to October 1, 1979, the date most substantive provisions of the new Code became effective. *In re Pierce*, 4 B.R. 671, 6 BCD 484 (W.D.Okl.1980); *In re Seiler*, 8 B.R. 542, 543 (W.D.Okl.1981). Read *Rodrock v. Security Industrial Bank*, 642 F.2d 1193 (CA 10 1981) wherein the court stated:

> "In the instant cases, the creditors acquired rights in specific property prior to the enactment of the Reform Act and ... those vested rights cannot be taken from the creditor for the benefit of the debtor. It should be noted that in the instant cases, there would be a complete taking of the secured creditors' property interest ... Congress may not under the bankruptcy power completely take for the benefit of a debtor, rights in specific property previously acquired by a creditor."

Compare *Louisville Joint Stock Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935).

Accordingly, since the court previously found from the bench that Capitol Credit Union failed to establish by a fair preponderance of the evidence that its debt was incurred as a result of debtors' false pretenses or a materially false written financial statement and now SO FINDS it is

ORDERED and ADJUDGED that

1) defendant debtors be granted judgment on Capitol Credit Union's nondischargeability complaint;

2) debtors' application to avoid Capitol Credit Union's security interests in tools of trade and household goods is DENIED; and

debtors Frederick K. and Paula Jean Harth are directed to immediately turn over to Capitol Credit Union all personal property in their possession set forth in said security agreements dated March 6th and August 10, 1979.