**In the Matter of Calvin Henry HOWARD and Carol Ann Howard, Debtors.**

**Bankruptcy No. 80–30352.**

United States Bankruptcy Court,
N. D. Indiana,
South Bend Division.

June 25, 1981.

W. Russell Sanford, South Bend, Ind., for debtors.

John D. Krisor, Jr., South Bend, Ind., for Smessaert Agency.

### ORDER

RODIBAUGH, Bankruptcy Judge.

At South Bend, Indiana, on June 25, 1981.

This matter is before the Court on motion to avoid a lien and objection thereto pursuant to Section 522(f)[1] of the Bankruptcy Code which provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

At pre-trial conference the parties agreed that all relevant facts would be stipulated and that said stipulation, pleadings, and briefs would constitute the full submission of this dispute. Upon the filing of the stipulation and briefs, this matter was taken under advisement.

The parties have stipulated and the Court now finds the facts to be as follows. On March 30, 1979, in the case of *Smessaert Agency v. Calvin and Carol Howard*, St. Joseph Circuit Court, Cause No. K–3786, Smessaert Agency obtained a judgment against Calvin and Carol Howard, debtors herein, for $2,077.00. On the same day, the judgment lien attached to debtors' real estate. Debtors filed a joint petition for an order for relief under Chapter 7 of the Bankruptcy Code on April 22, 1980, and thereafter filed a Motion to Avoid Liens under Section 522(f). One lien sought to be avoided was that of Smessaert Agency, thus, Smessaert filed an objection to the avoidance of their lien on July 18, 1980.

Section 522(f) avoids particular liens to the extent that the lien impairs the debtor's exemptions. In the case at bar, the judicial lien attached to the debtors' tenancy by entireties residential real estate for which the debtors each have claimed a $7,500.00 exemption pursuant to Indiana Code section 34–2–28–1, totalling $15,000.00. This Court had determined that tenancy by the entireties property in Indiana was not property of the estate under Section 541 of the Bankruptcy Code due to the peculiar historical incidents of Indiana tenancy by the entireties law.[2] Thus, it was decided that since the real estate so held was not property of the estate, the debtors would not be able to claim exemptions for it under Section 522(d)(1) of the Bankruptcy Code.[3] Nevertheless, the Trustee, by virtue of his powers under Section 544(a)(1),[4] may administer and sell the real estate and, after payment in full to all lien creditors, may distribute the proceeds of such sale to satisfy the debtors' obligations to their joint creditors.

After the passage of the Bankruptcy Code, Indiana opted out of the federal exemptions provisions and enacted Section 34–2–28–0.5[5] which limits Indiana domiciliaries to the Indiana exemptions. Those exemptions provide in pertinent part:[6]

34–2–28–1 [2.3501]. Amount of exemption.—The following property of a debtor domiciled in the state of Indiana shall not be liable for levy or sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract express or implied:

---

1. 11 U.S.C.A. § 522(f) (1979).

2. *In re Jeffers*, 3 B.R. 49 (Bkrtcy.N.D.Ind.1980).

3. 11 U.S.C.A. § 522(d)(1) (1979).

4. 11 U.S.C.A. § 544(a)(1) (1979).

5. Ind.Code Ann. § 34–2–28–0.5 (Burns Supp., 1980).

6. Ind.Code Ann. § 34–2–28–1 (Burns Supp., 1980).

(a) Real estate or personal property constituting the personal or family residence of the debtor or a dependent of the debtor, or estates or rights therein or thereto of the value of not more than seven thousand five hundred dollars [$7,500]. The exemption under this subsection shall be individually available to joint debtors concerning property held by them as tenants by the entireties. . . .

(e) Any interest the debtor has in real estate held as a tenant by the entireties on the date of the filing of the petition for relief under the bankruptcy code, unless a joint petition for relief is filed by the debtor and spouse, or individual petitions of the debtor and spouse are subsequently consolidated.

Because debtors filed their petition in the Bankruptcy Court after April 1, 1980 (the effective date of the Indiana exemption statute), they are bound by the Indiana exemptions. Thus, despite the peculiar incidents of tenancy by the entireties ownership in Indiana, it is the manifest intent of the Indiana legislature to provide debtors with an exemption for tenancy by the entireties real estate up to $7,500.00 apiece when both the husband and wife's estates are being jointly administered by the Bankruptcy Court. Therefore, the preliminary question of whether the lien impairs an exemption must be answered in the affirmative for purposes of Section 522(f).

Creditor, Smessaert, objects to the avoidance of its judicial lien on the grounds that Section 522(f), when applied to a judicial lien which arose before the effective date of the Bankruptcy Code constitutes a taking of property without due process of law pursuant to the Fifth Amendment of the United States Constitution.[7]

Debtors, however, argue first, that in Indiana, the lien of a judgment does not constitute or create any present property interest protectable by the Fifth Amendment, but that it merely furnishes the right to levy on the land to the exclusion of adverse interests subsequent to the judgment; second, that if Smessaert had an interest, it was acquired after the enactment of the new bankruptcy laws which had put Smessaert on notice that its rights may be altered; and finally, that it was the reasonable, necessary, and clear intent of Congress to give debtors a new start by avoiding general judicial liens as well as non-purchase money security interests in household goods.

On November 6, 1978, the new Bankruptcy Code was enacted, however, its effective date was delayed to October 1, 1979. The question presented is whether Section 522(f) violates the Fifth Amendment provision that "No person shall be . . . deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation" when applied to avoid a judicial lien which arose after the date of enactment but before the effective date of the Code. It must first be ascertained whether or not Congress intended the provision to be retroactively applied.

It is not clear from the Bankruptcy Code and its legislative history that Section 522(f) was meant to be retroactive. Although the 10th Circuit Court of Appeals summarily concluded in a recent opinion that Congress must have intended the statute to be retroactive,[8] this Court is not so persuaded. The Court of Appeals for the 10th Circuit reasoned that if Section 522(f) did not apply retroactively, there would be a statutory gap where no law would govern the particular matter at hand where the judicial lien or secured interest was established prior to October 1, 1979, since the old Bankruptcy Act was repealed as of October 1, 1979. However, the mere facts that the Code governs the case and the old law was repealed does not necessarily imply that a particular provision of the new law granting new and more extensive debtor rights must be given retroactive effect for, if applied prospectively as is the statutory presumption, Section 522(f) would be effective

---

7.  U.S.Const. amend. V.

8.  *In re Rodrock*, 642 F.2d 1193 (10th Cir. 1981).

but only to avoid those liens which arise after October 1, 1979.

■ Retroactive or retrospective laws take away or impair vested rights acquired under existing laws, or create new obligations or duties, or attaches new disabilities with respect to transactions or consideration already passed.[9] The parties stipulated that the judicial lien attached to the real estate. Vested rights arose upon attachment.[10] These rights constitute a legitimate claim or entitlement which is protected by the Fifth Amendment.

■ In determining whether Section 522(f) is to be applied to vested rights existing prior to October 1, 1979, we are guided by principles of statutory construction. Since retroactive application is not favored,[11] generally, statutes are presumed only to apply prospectively. Any doubts shall be resolved against retroactivity.[12] The argument against retroactivity is especially strong in the situation of a newly enacted statute which affects substantial rights.[13] A statute should not be construed as retroactive if this construction can reasonably be avoided.[14] Furthermore, the statute will be presumed to apply prospectively unless Congress has clearly and un-

ambiguously indicated that the statute is retroactive, or it is explicitly and unmistakenly set forth in the statute.

■ Neither the Bankruptcy Code nor its legislative history unambiguously indicates, nor explicitly and unmistakenly sets forth that Section 522(f) would extinguish *prior* judgment liens of creditors. Excepting the fact that this provision would foster the fresh start of the debtor, the Court can find nothing to rebut the presumption of prospective application. The general purpose of providing a fresh start is not an unambiguous or explicit indication sufficient to rebut the presumption of prospective application. Creditors who have vested rights in specific property should not be divested of their rights by a general principal of bankruptcy law, absent a more explicit indication by the legislature.

Additionally, statutes are to be construed to preserve their constitutionality where possible. The retroactive application of Section 522(f) has been found to be unconstitutional by numerous courts[15] because Congress' bankruptcy power is subject to the Fifth Amendment which is violated by the impairment of specific property rights by legislation enacted after the right has been created.[16] Thus, in light of the fact

9. *Lohf v. Casey*, 330 F.Supp. 356 (D.Colo.1971) aff'd 466 F.2d 618 (10th Cir. 1972); *Herrick v. Lindley*, 59 Ohio St.2d 22, 391 N.E.2d 729 (1979); *Barrett v. Guaranty Bank & Trust Co.*, 123 Ill.App.2d 326, 260 N.E.2d 94 (1970).

10. Ind.Code Ann. § 34–1–45–2 (Burns 1973) provides that a final judgment shall be a lien on real estate liable to execution in the county where the judgment was entered and indexed in the judgment docket for ten (10) years.

11. *Appalachian Power Co. v. Train*, 620 F.2d 1040 (4th Cir. 1980).

12. *United Roasters, Inc. v. Colgate-Palmolive Co.*, 485 F.Supp. 1049 (E.D.N.C.1980).

13. *Allen v. Califano*, 452 F.Supp. 205 (D.Md. 1978).

14. *United States v. Moore*, 95 U.S. 760, 24 L.Ed. 588 (1877).

15. Unconstitutional as applied to liens arising prior to the date of enactment: *Rodrock, supra; In re Hammer*, 9 B.R. 343 (Bkrtcy.N.D. Iowa 1981); *In re Oldham*, 7 B.R. 124 (Bkrtcy.N.M.

1980); *In re Malpeli*, 7 B.R. 508, 7 B.C.D. 249 (Bkrtcy.N.D.Ill.1980); *In re Pierce*, 4 B.R. 671, 6 B.C.D. 484 (Bkrtcy.W.D.Okl.1980); *Hawley v. Avco Financial Services of Oregon, Inc.*, 4 B.R. 147 (Bkrtcy.D.Or.1980). Unconstitutional as applied to liens arising during the period after enactment but prior to the effective date: *In re Lucero*, 4 B.R. 659, 6 B.C.D. 477 (Bkrtcy.D. Colo.1980).

16. *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935). Although some courts view the Supreme Court's opinion in *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1975) as indicating a departure from the mandates of *Radford*, this Court views the retroactivity of the measures imposed in *Usery* as requiring the mine operators to bear the true costs of operating their businesses by compensating the victims of black lung disease. This is distinguishable from legislature's extinguishing vested legal rights and remedies as in the case at bar. Because retrospective laws interfere with the legally induced and settled expectations of private parties to a greater ex-

that the constitutionality of Section 522(f) is seriously in doubt, this Court cannot find that Congress intended Section 522(f) to be applied retroactively.[17]

 Accordingly, this Court finds that Section 522(f) may only be applied prospectively to avoid judicial liens which arose after October 1, 1979. Smessaert's lien is preserved; debtors' motion to avoid lien is denied.

SO ORDERED.

tent than prospective measures, retroactive measures have traditionally been subjected to stricter scrutiny. *Daughters of Miriam Center for the Aged v. Mathews*, 590 F.2d 1250 (3rd Cir. 1978).

17. Accord, *Malpeli, supra; Pierce, supra.*