By the Court.
 

 In this action in mandamus instituted in this court the relator, Vergil Heber Sergeant, asks that the respondent, John McSweeney, Director of the Department of Public Welfare, be required to appoint him Executive Secretary of the Ohio .Commission for the Blind. Issue is made by demurrer to the petition. The essential facts may be concisely stated.
 

 The respondent is authorized by law to appoint a Secretary of the Ohio Commission for the Blind, which position is in the classified service. The relator sue
 
 *624
 
 cessfully passed a competitive civil service examination held for the purpose of creating an eligible list for such position. The highest three grades were as follows : The relator had a grade of 92.1 per cent.; Norman Ford had a grade of 85.08 per cent., and William Bartram, the incumbent, had a grade of 79.4 per cent. The relator and Ford are ex-service men, each having served in the army of the United States in the war with the Central Powers of Europe. The incumbent, William Bartram, is not an ex-service man of any war. The eligible list certified December 4, 1931, contained the names of these three men. The respondent appointed Bartram. The relator contends that it was the duty of the respondent to appoint him to such position by reason of the provisions of Section 486-13, G-eneral Code. The construction of this statute presents the only question involved in this case. It reads, in part, as follows:
 

 “Every soldier, sailor, marine, * * * who has served in the army or navy * # # of the United States in the war of the rebellion, the war with Spain, including the Philippine insurrection and the Chinese relief expedition or from April 21, 1898, to July 4, 1902, or- the war with the Central Powers of Europe, between the dates of April 6, 1917 and November 11, 1918, who has been honorably discharged therefrom and is a resident of Ohio, and whose name is on the eligible list for a position shall be entitled to preference in original appointments to any such competitive position in the civil service of the state and the civil divisions thereof over all persons eligible for such appointments and standing on the list therefor with a rating equal to that of such soldier, marine, *
 
 *
 

 It is elementary that a writ of mandamus will be issued only where it appears that the applicant has a clear legal right thereto, and that the official act which he seeks to compel is one “which the law specially enjoins as a duty.”
 

 
 *625
 
 The statute does not undertake to give one ex-service man preference over another ex-service man on the eligible list. The preference is only over non-ex-service men. The appointing authority is therefore not required to appoint the ex-service man standing first on the eligible list to the exclusion of another ex-service man on the eligible list.
 

 It follows that the respondent was not specially enjoined by law to appoint the relator and that his application for a writ to compel that action must be denied.
 

 Writ denied.
 

 Weygandt, C. J., Day, Allen, Stephenson, Jones and Matthias, JJ., concur.
 

 Kjnkade, J., not participating.