By the Court.
 

 The relator, William. H. Kratt, filed his petition in the Court of Common Pleas of Lorain county, Ohio, praying for a writ of mandamus to compel the respondent, the Director of Public Service, to appoint the relator to the position of Superintendent of Streets of the city of Lorain, Ohio. The Court of Common Pleas sustained a demurrer to the answer and issued a peremptory writ of mandamus as prayed for. The Court of Appeals affirmed the judgment and, a motion to certify the record having been allowed, a petition in error was filed in this court.
 

 The undisputed facts as shown by the petition and answer are as follows: The relator, William H. Kratt, is a resident of Ohio and an honorably discharged soldier who served in the war with the central powers of Europe between April 6, 1917, and November 11, 1918. The respondent on or about the twenty-eighth day of November, 1933, was Director of Public Service of the city of Lorain, and as such he notified the Civil Service Commission that a position in the classified service, not filled by promotion, transfer or reduction, namely, Superintendent of Streets, was to be filled; thereupon the Civil Service Commission certified to the Director of Public Safety the names of re
 
 *297
 
 lator, and two others who were not soldiers, Albert McDermott and LeRoy P. Bnrgett. These men were the three candidates standing highest on the eligible list and due to twenty per cent additional credit allowed to the soldier as provided in Section 486-10, General Code, the relator’s rating was the highest oí the three, bnt otherwise it would have been the lowest. On the first day of December, 1933, the Director of Public Service appointed McDermott to the position.
 

 The sole question is whether the Director of Public Service was required to appoint the ex-service man to the exclusion of the other two.
 

 Section 486-13, General Code, which requires the certification of the three candidates standing highest on the eligible list, also contains the following provision: “Every soldier * * * who has served in the army * * * in * * * the war with the central powers of Europe, between the dates of April 6th, 1917 and November 11th, 1918, who has been honorably discharged therefrom and is a resident of Ohio and whose name is on the eligible list for a position shall be entitled to preference in original appointments to any such competitive position in the civil service of the state and the civil divisions thereof over all persons eligible for such appointment and standing on the list therefor with a rating equal to that of such soldier * * It is then provided in the same section that the appointments to all positions in the classified service that are not filled by promotion, transfer or reduction shall be made only from those persons whose names are certified to the appointing officer in accordance with the provisions of the Civil Service Act, and that no employment shall be given in the classified service except in accordance with provisions of the act. It is further provided in this section as follows: “The appointing officer shall notify the commission of such position to be filled and shall fill
 
 *298
 
 such position by appointment of one of the three persons certified to him as provided in this act.”
 

 Both Section 486-13, General Code, and the prior Section 486-10, General Code, have been held constitutional.
 
 State, ex rel. King,
 
 v.
 
 Emmons et al., State Civil Service Comm.,
 
 128 Ohio St., 216, 190 N. E., 468. In the opinion in that case it was stated that the personal equation could be considered under both sections, and that neither the commission nor the appointing officer was bound absolutely by the result of a competitive examination. If the statute does not permit the appointing officer to choose on the basis of merit and fitness it is unconstitutional. Where two courses are open and one interpretation upholds the law as constitutional and the other defeats it, the courts must adopt the one that preserves the law’s validity. If, in a situation such as here presented, it be held to be the mandatory duty of the appointing power under the statute to appoint an applicant whom the appointing officer finds is not the best qualified of the three certified therefor, then such appointment would not be upon the basis of merit and fitness, and the entire statute would fall because violative of the Constitution.
 

 We hold that the Director of Public Service was not bound absolutely by the fact that the soldier had the highest rating on the eligible list. In reality, the statute did not require the fact as to whether any of the three certified was or was not a soldier to be made known to the appointing officer. The latter was bound to consider the rating on the eligible list for what it was worth, but he was also bound to go further and appoint the applicant who answered the highest standards of merit and fitness with a view to the position to be filled. This course involved an exercise of discretion on the part of the Director of Public Service ; there was no abuse of discretion shown, and the appointment of McDermott was valid. In reaching these
 
 *299
 
 conclusions we have assumed the facts well pleaded to be true.
 

 In the case of
 
 Sergeant
 
 v.
 
 McSweeney, Director of Public Welfare,
 
 126 Ohio St., 623, 187 N. E., 241, the three certified from the eligible list to the appointing officer consisted of two ex-service men, who were highest on the list, and one who was not a soldier. The nonsoldier received the appointment. The ex-service man standing first on the eligible list sought a writ of mandamus to compel his own appointment. It was held he did not show a clear legal right to the writ, another ex-service man being also among the three certified. That was the only question decided in that case. The case is instructive as to the facts involved, but it is of no controlling importance in the instant case.
 

 The trial court committed prejudicial error in sustaining the demurrer and in not holding the facts stated in the petition insufficient to constitute a cause of action, and the judgments of the courts below will be reversed and final judgment entered in favor of the plaintiff in error.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias and Zimmerman, JJ., concur.
 

 Day, J., not participating.