*182
 
 Turner, J.
 

 Whether • the decision of the Board of Tax Appeals is unreasonable or unlawful, as claimed by appellant, depends upon a proper understanding of Section 2, Article XII of the Ohio Constitution and Sections 669-13 and 5353 of the General Code of Ohio.
 

 This court is firmly committed to the following propositions:
 

 A. The land and improvements thereon of an institution may be exempted from taxation only if they are being used exclusively for a charitable purpose.
 
 Ursulina Academy of Cleveland
 
 v.
 
 Board of Tax Appeals,
 
 141 Ohio St., 563, 49 N. E. (2d), 674;
 
 Incorporated Trustees of Gospel Worker Society
 
 v.
 
 Evatt, Tax Commr.,
 
 140 Ohio St., 185, 42 N. E. (2d), 900;
 
 Columbus Metropolitan Housing Authority
 
 v.
 
 Thatcher, Aud.,
 
 140 Ohio St., 38, 42 N. E. (2d), 437.
 

 B. A right to exemption from taxation must appear with reasonable certainty in the language of the Constitution or valid statute and must not depend upon a doubtful construction of such language.
 
 In re Estate of Taylor,
 
 139 Ohio St., 417, 40 N. E. (2d), 936;
 
 In re Complaint of
 
 Taxpayers, 138 Ohio St., 287, 34 N. E. (2d), 748;
 
 Cullitan, Pros. Attorney,
 
 v.
 
 Cunningham Sanitarium,
 
 134 Ohio St., 99, 16 N. E. (2d), 205;
 
 Lee, Treas.,
 
 v.
 
 Sturges,
 
 46 Ohio St., 153, 19 N. E., 560, 2 L. R. A., 556.
 

 C. A statute exempting property from taxation is to be read in the light of the Constitution of Ohio and this court will not assume that the General Assembly intended to exceed any constitutional limitation.
 
 Columbus Metropolitan Housing Authority,
 
 v.
 
 Thatcher, Aud., supra; State, ex rel. Struble, v. Davis et al., Tax Commission,
 
 132 Ohio St., 555, 559, 9 N. E. (2d), 684.
 

 Section 669-13, General Code, provides:
 

 “Every corporation subject to the provisions of this act is hereby declared to be a-- charitable and be
 
 *183
 
 nevolent institution, and its funds and property shall be exempt from taxation.”
 

 Bearing in mind the rule of strict construction of statutes authorizing exemption from taxation and the duty of the court to sustain legislation where possible, the court must limit the word “property” in the foregoing statute to personal property and as not including “land and improvements thereon.” Section
 
 2
 
 Article XII of the Constitution of Ohio.
 

 We are not called upon in this case to pass upon the question of whether under the statute personal property may be exempted or classified. In the case of
 
 Seward, Dir. of Pub. Service,
 
 v.
 
 State, ex rel. Kratt,
 
 129 Ohio St., 296, 195 N. E., 241, this court held (page 298): “Where two courses are open and one interpretation upholds the law as constitutional and the other defeats it, the courts must adopt the one that preserves the law’s validity.”
 

 As stated by Judge Matthias in the case of
 
 State, ex rel. Struble,
 
 v.
 
 Davis et al., Tax Commission, supra,
 
 559:
 

 “This court has uniformly adopted and applied the rule of strict construction to the exemption provisions of Section 2, Article XII. As stated in 2 Cooley on Taxation (4. Ed.), 1382, Section 661: # * and generally, where the Constitution enumerates the property which is or may be exempted, it is held that the Legislature has no power to exempt other property than that enumerated. The lack of power to exempt may result from the express wording of the constitutional provision or be implied on the theory that the enumeration is intended to be exclusive. ’ ’ ’
 

 We are of the opinon that Section 669-13, General Code, does not authorize the exemption of land and improvements thereon from taxation.
 

 Therefore, appellant’s reliance must be limited to Section 5353, General Code. This section provides for
 
 *184
 
 the exemption of “property belonging to institutions used
 
 exclusively for charitable purposes.”
 
 (Italics ours.)
 

 In the case of
 
 Wehrle Foundation v. Evatt, Tax Commr.,
 
 141 Ohio St., 467, 49 N. E. (2d), 52, we held that the word “property” in Section 5353, General Code, was broad enough to cover both real and personal property provided such property is used
 
 exclusively
 
 for charitable purposes. It remains, therefore, to determine whether appellant’s property belongs “to an institution used
 
 exclusively
 
 for charitable purposes.”
 

 In the case of
 
 Cleveland Hospital Service Assn.
 
 v.
 
 Ebright, Treas.,
 
 142 Ohio St., 51, 49 N. E. (2d), 929, this court held:
 

 “A corporation organized under the provisions of Sections 669 to 669-13, inclusive, General Code, for the purpose of establishing, maintaining and operating a nonprofit hospital service plan whereby hospital care may be provided by a nonprofit hospital or a group of such hospitals, is engaged in a business substantially amounting to insurance.”
 

 We are unable to find any evidence in the record of the instant case which would justify a holding that appellant is an institution whose property is used exclusively for charitable purposes. Appellant’s activities are limited exclusively to the securing of pay patients and not charity patients for the various hospitals. Indeed, the many persons covered by such insurance, as well as the organizations employing such insured, would doubtless resent the imputation that they or any of them are objects of charity. The very purpose of the insurance is to guard against the insured becoming an object of charity. Each participating hospital is to receive six dollars ($6) for each day, or part thereof, of hospital service rendered to subscribers holding contracts for semi-private room service and at the rate
 
 *185
 
 of four dollars and fifty cents ($4.50) for each day, or part thereof, of hospital service rendered to subscribers holding contracts for service in a ward. More expensive hospital service may be obtained at regular hospital rates for such service with credit to subscriber for the semi-private ward allowance.
 

 In concluding its finding, the Board of Tax Appeals, in its journal entry, recites:
 

 “The board finds that the applicant is engaged in the insurance business for the advantage and convenience, if not profit, of the participating hospitals and the subscribers to said contracts. It is not engaged in dispensing charity to anyone or furnishing any service or carrying on any of the purposes for which the applicant was organized for those who are in need thereof without payment. Its property and funds are not used exclusively, or even in part, for charitable purposes.
 

 “It is therefore the order of the Board of Tax Appeals that this application be, and the same hereby is, denied. ’ ’
 

 Upop hearing and consideration of the record and evidence in the instant case this court is of the opinion that the decision of the Board of Tax Appeals appealed from is reasonable and lawful and, therefore, such decision should be and hereby is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Matthias, Zimmerman, Bell and Williams, JJ., concur.
 

 Hart, J., dissents.