22

HERRICK ET AL., APPELLEES AND APPELLANTS, *v.* LINDLEY, TAX COMMR., APPELLANT AND APPELLEE, ET AL. (Two cases.)

[Cite as Herrick v. Lindley (1979), 59 Ohio St. 2d 22.]

(Nos. 78-1020 and 78-1047—Decided July 3, 1979.)

Messrs. *George, Greek, King, McMahon & McConnaughey, Mr. David A. Johnston, Jr.,* and *Mr. John P. Mazza,* for appellees and appellants.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellant and appellee.

HOLMES, J. The most significant issue presented by these appeals is whether those participants in either PERS or STRS who retired prior to October 16, 1972, have a vested right to receive their retirement benefits exempt from the state income tax. If they have such a vested right, then the levy of the state income tax upon their retirement bene-

24

fits would constitute a retroactive tax, violative of Section 28, Article II of the Ohio Constitution.

Prior to October 16, 1972, PERS and STRS retirement benefits were by statute exempted from all state taxes. On that date, the General Assembly amended R. C. 145.56 and 3307.71 excepting the newly enacted state income tax from that exemption, and thereby levying the state income tax upon such benefits. (134 Ohio Laws 930, 931.)

As amended, R. C. 145.56, which relates to PERS, now provides that:

"The right of a person to a pension, an annuity, or retirement allowance itself, any optional benefit, any other right accrued or accruing to any person under sections 145.-01 to 145.57 of the Revised Code, or of any municipal retirement system established subject to such sections, under the laws of this state or any charter, the various funds created by sections 145.01 to 145.57 of the Revised Code, or under such municipal retirement system, and all moneys and investments and income thereof, are hereby exempt from any state tax, *except the tax imposed by section 5747.-02 of the Revised Code, and* any county, municipal, or other local tax, and shall not be subject to execution, garnishment, attachment, the operation of bankruptcy, or the insolvency laws, or other process of law, and shall be unassignable except as specifically provided in such sections." (Emphasis denotes amendment.)

Similarly, in relation to STRS, R. C. 3307.71, as amended, provides:

"The right of a person to a pension, an annuity, or retirement allowance itself, any optional benefit, any other right accrued or accruing to any person under sections 3307.01 to 3307.72 of the Revised Code, the various funds created by section 3307.65 of the Revised Code and all moneys and investments and income thereof, are hereby exempt from any state tax, *except the tax imposed by section 5747.02 of the Revised Code, and* any county, municipal, or other local tax, and shall not be subject to execution, garnishment, attachment, the operation of bankruptcy or insolvency laws, or any other process of law what-

soever, and shall be unassignable except as specifically provided in sections 3307.01 to 3307.72 of the Revised Code." (Emphasis denotes amendment.)

Appellees contend that these sections, as they read until 1972, conferred a valuable benefit in the form of an absolute exemption from state taxation, and that they had acquired a vested right in this exemption to be received upon retirement. Appellees predicate this contention upon a theory similar to promissory estoppel, arguing that during their period of employment they were continually assured that they would receive a tax exempt pension. Appellees argue further that when they retired with this tax exemption intact, the General Assembly could not "reach back" and levy a tax upon their pensions after they had retired.

In support of their contention, appellees rely upon the following definition of a ''retrospective law'' given by Justice Story, and approved by this court in *Rairden* v. *Holden, Admr.* (1864), 15 Ohio St. 207, 210, and in subsequent cases:

'' 'Upon principle, every statute which takes away or impairs vested rights, acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective.' ''

We hereby reaffirm the validity of this definition, but note, however, that it does not aid appellees. The amendments to R. C. 145.56 and 3307.71 did indeed create a ''new obligation.'' However, that obligation did not affect "transactions or considerations already past." The state income tax levied by R. C. 5747.02 is a tax upon income. See *Chope* v. *Collins* (1976), 48 Ohio St. 2d 297. Thus, the transaction which is subject to the obligation to pay income tax is the realization of income, and the tax upon income realized after the effective date of the amendments is not retrospective in nature.

As this court stated in *Lakengren* v. *Kosydar* (1975) 44 Ohio St. 2d 199, at page 204:

"* * * As a practical matter, a tax levied upon income

of a particular period, whether payable immediately or in the future, is a tax taken from that income, and that taking may not be made retroactively. This in no way prevents the General Assembly from levying a tax payable in the future, based upon the income of periods ending after the enactment of the levy. * * *''

In this cause, the transaction taxed is the realization of income in the form of retirement benefits, these benefits realized as income after the enactment of the amendments to R. C. 145.56 and 3307.71. The General Assembly has not attempted to reach back and tax income in the past.

The majority of the Court of Appeals relied upon a somewhat different theory in upholding the judgment of the trial court. The court read R. C. 145.56 in *pari materia* with R. C. 145.561, and R. C. 3307.71 in *pari materia* with R. C. 3307.711.

R. C. 145.561 provides as follows:

"The granting of a retirement allowance, annuity, pension, or other benefit to any retirant or beneficiary pursuant to action of the public employees retirement board vests a right in such person, so long as he remains the recipient of any benefit of the funds established by section 145.23 of the Revised Code, to receive such retirement allowance, annuity, pension, or other benefit at the rate fixed at the time of granting such retirement allowance, annuity, pension, or other benefit. Such right shall also be vested with equal effect in the recipient of a grant heretofore made from any of the funds named in section 145.23 of the Revised Code.''

In like manner, R. C. 3307.711 provides that:

"The granting of a retirement allowance, annuity, or pension to any person pursuant to action of the state teachers' retirement board vests a right in such person, so long as he remains the beneficiary of any of the funds established by section 3307.65 of the Revised Code, to receive such retirement allowance, annuity, or pension at the rate fixed at the time of granting such retirement allowance, annuity, or pension. Such right shall also be vested with equal effect in the beneficiary of a grant heretofore made

from any of the funds named in section 3307.65 of the Revised Code."

Reading these vesting statutes together with the tax exemption statutes, the Court of Appeals concluded that appellees have a vested right in receiving their retirement benefits free from the state taxation. We disagree.

By the clear language of these sections, PERS or STRS retirees have a vested right to receive a retirement allowance or similar benefit at the rate fixed by law when such benefit was conferred. However, neither R. C. 145.561 nor 3307.711 grants a vested right to a continuing tax exemption.

Admittedly the net bankable retirement income might be the same whether the rate of a pension is reduced, or a tax is levied on such income. However, there is a definite legal distinction between reducing the rate of a pension and levying a tax upon the income received from that pension. The vesting statutes prohibit only a reduction in the rate of payment. They do not prohibit the imposition of a tax.

The Court of Appeals erred in reading the vesting statutes in *pari materia* with the tax exemption statutes. Where, as here, the language of a statute clearly expresses the legislative intent, there is no occasion to resort to the rules of statutory construction. *Katz* v. *Dept. of Liquor Control* (1957), 166 Ohio St. 229, 231. A right to a tax exemption must appear with reasonable certainty in the language of a statute, and may not depend upon a doubtful construction of that language. *Hospital Service Assn.* v. *Evatt* (1944), 144 Ohio St. 179, 182.

When a legislative body grants a vested right to exemption from taxation, it partially relinquishes its ability to deal with changing fiscal conditions in the future. The power to tax being a fundamental governmental power, its impairment should not be based upon a debatable construction of statutory language. To the contrary, every reasonable doubt should be resolved against such an impairment. *Tucker* v. *Ferguson* (1874), 89 U. S. 527, 575;

*West Wisconsin R. R. Co.* v. *Bd. of Supervisors* (1876), 93 U. S. 595, 597-598.

Applying this standard to R. C. 145.561 and 3307.711, we hold that it was not the intent of the General Assembly to grant appellees a vested right to receive their pensions exempt from state taxation. It is reasonable to assume that if such had been the desire of the legislative body, it could have provided for the vesting of the tax exemptions by appropriate language in these sections.

The Court of Appeals also relied upon this court's decision in *State, ex rel. McLean,* v. *Retirement Board* (1954), 161 Ohio St. 327, in support of its holding in the instant cause. Paragraph one of the syllabus of *McLean* holds:

"The right of a member of the Public Employees Retirement System to disability retirement allowance is governed by the statutes in force when such member becomes eligible for and is granted such retirement, and that right cannot be reduced or denied by subsequent legislation."

By its very language, *McLean, supra,* is inapplicable to the facts of these appeals. As we pointed out previously, there is a distinction between the right to receive retirement benefits unfettered by subsequent reductions in the rate of those benefits and the right to a permanent tax exemption. *McLean, supra,* is readily distinguishable.

We hold, therefore, that the imposition of the state income tax upon retirement benefits vesting prior to October 16, 1972, does not impair a vested right of the appellee class, nor does it constitute a retroactive tax.

Because of our disposition of the constitutional issue, it is unnecessary to discuss the peripheral issues raised by the parties to these appeals. Accordingly, the judgment of the Court is Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, KERNS, SWEENEY and LOCHER, JJ., concur.

KERNS, J., of the Second Appellate District, sitting for P. BROWN, J.