BRACHMAN ET AL., APPELLANTS, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Brachman *v.* Limbach (1990), 52 Ohio St. 3d 1.]

(No. 88-974—Submitted October 17, 1989—Decided May 31, 1990.)

1

*Squire, Sanders & Dempsey, Thomas E. Palmer* and *Steven F. Mount,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellee.

*Per Curiam.* This case raises a question of statutory interpretation: Is the resident tax credit against Ohio personal income tax to be computed on the total adjusted gross income earned in another state, or on only that amount of adjusted gross income that is actually taxed by the other state? For the reasons that follow, we agree with the appellants that the credit should have been computed on all of the adjusted gross income they earned in Oklahoma, not just on that part of their Oklahoma income that was actually taxed, *i.e.,* taxable income.

R.C. 5747.02 imposes a tax based on all the adjusted gross income of resident individuals (minus an exemption), without regard to where that income is earned. In order not to tax income that was earned in and therefore comes within the taxing authority of another state, R.C. 5747.05(B)(1) provides for a resident tax credit:

"The following credits shall be allowed against the income tax imposed by section 5747.02 of the Revised Code:

"* * *

"(B)(1) The amount of tax other-wise due under section 5747.02 of the Revised Code on *such portion of the adjusted gross income* of a resident taxpayer *that in another state* or in the District of Columbia *is subjected to a tax on income* or measured by income[.]" (Emphasis added.)

Consistent with its earlier decisions, the BTA interprets the "portion of adjusted gross income" that in the other state, here Oklahoma, "is subjected to a tax on income" to mean the portion of Oklahoma adjusted gross income that Oklahoma actually taxed, that is, the amount that is multiplied by the applicable tax rate to yield the Brachmans' Oklahoma tax liability. See *Lynham* v. *Limbach* (Feb. 17, 1989), B.T.A. No. 87-F-289; *Lloyd* v. *Limbach* (June 24, 1988), B.T.A. No. 87-J-1281; and *Horwitz* v. *Lindley* (Apr. 27, 1984), B.T.A. No. 82-E-245.

This interpretation derives from a misreading of the distinction drawn by R.C. 5747.05(B)(1) in allowing the credit for out-of-state income. In this subsection, the General Assembly singled out for preferred treatment that portion of a resident taxpayer's total adjusted gross income earned in another state. All of this out-of-state income is "subjected to" the tax laws of Oklahoma. In other words, the legislature declared its intention not to tax out-of-state income which was subject to tax in another state. The distinction in the statute is drawn between income subject in this case to Oklahoma's tax laws and that subject to Ohio's tax laws, and *not,* as the BTA interpreted it, between Oklahoma taxable income and income earned in Oklahoma that Oklahoma chooses not to tax. For the Brachmans, the credit should have been based on Oklahoma adjusted gross income of $159,483, not Oklahoma taxable income of $52,615.

The phrase "subjected to a tax on income" refers in this context to a

jurisdiction's exercise of authority over income earned within its boundaries. Such income is subjected to the overall tax scheme of the jurisdiction, not merely that portion of the income used in the final calculation of the applicable rate. To arrive at taxable income, a taxpayer must consult the jurisdiction's statutes setting out exclusions, deductions, and exemptions from gross income. Only then may a taxpayer's tax liability be computed. For instance, a corporation in Oklahoma or Ohio may have sales of a million dollars but, after deducting for business expenses, losses, and the like, it will pay taxes on a fraction of that amount. To arrive at the final figure, however, *all* of the corporation's income has been subject to the taxation scheme.

This analysis of R.C. 5747.05(B)(1) finds support in the use of the phrase "subject to an income tax" in the Internal Revenue Code. R.C. 5747.01 states that "[e]xcept as otherwise expressly provided or clearly appearing from the context, any term used in this chapter [which includes R.C. 5747.05(B)(1)] has the same meaning as when used in a comparable context in the Internal Revenue Code, and all other statutes of the United States relating to federal income taxes."

Such a comparable context is Section 1503, Title 26, U.S. Code. This section deals with consolidated corporate income tax returns. Section 1503(d)(2)(A) concerns tax treatment of losses of a domestic corporation that is taxed by a foreign government:

"* * * Except as provided in subparagraph (B), the term 'dual consolidated loss' means any net operating loss of a domestic corporation which is *subject to an income tax* of a foreign country on its income without regard to whether such income is from sources in or outside of such foreign country, or is *subject to such a tax* on a residence basis." (Emphasis added.)

This provision contemplates a situation in which a United States corporation is also a resident for tax purposes of another country and pays taxes in both. This situation is comparable to that of an Ohioan paying taxes in Ohio and in another state. (Of course, the Ohioan can be a resident of only one state.) In this comparable context the dual resident corporation is "subject to" two tax schemes, much as Ohio residents earning income in another state are "subjected to" a tax on their income by both states.

The legislative history of Section 1503 reveals that Congress used the phrase "subject to an income tax of a foreign country" in the jurisdictional sense discussed above. The Conference Committee Report on an amendment to Section 1503 explains that the section applies to a corporation that "* * * may be *subject to foreign tax* on a residence basis because its place of effective management is in a foreign country or for other reasons. Where a corporation is *subject to foreign tax* on a residence basis, then, for U.S. purposes, its loss will be available to offset income of that corporation in other years, but not income of another U.S. corporation. * * *" (Emphasis added.) 1986 U.S. Code Congressional and Administrative News 4075, 4744-4745. (H.R. Conf. Rep. No. 99-841, 99th Cong. 2nd Sess. 656-657.)

The conference committee intended Section 1503 to extend "* * * to all foreign corporations that could benefit from a dual resident corporation's net operating loss, whether or not the foreign corporation's earnings are or will be *subject to* U.S. tax * * *." (Emphasis added.) *Id.* at 4745. In justifying this extension, the Conference Committee Report states that "* * * the conferees are not aware of a case

4

where the use of one company's deduction by two other companies *in two tax jurisdictions* makes sense as a matter of tax policy. * * *" (Emphasis added.) *Id.*

This reference to tax jurisdictions makes it clear that the corporations covered by Section 1503(d)(2)(A) are "subject to" a tax in the United States and abroad in the sense that both jurisdictions have exercised the authority to tax them.

Applying this Internal Revenue Code construction of "subject to an income tax" to R.C. 5747.05(B)(1), it is obvious that the "'* * * portion of the adjusted gross income of a resident taxpayer that in another state or in the District of Columbia is subjected to a tax on income * * *" is that portion of a resident Ohio taxpayer's income which has come under the taxing power of another state or of Washington, D.C. Under the statute, the out-of-state credit is to be computed based on the portion of an Ohio resident's income to which another jurisdiction's tax laws apply.

Section 61(a), Title 26, U.S. Code defines "gross income" as "all income from whatever source derived." The predecessor to this statute included in its definition the phrase "income derived from any source whatever." Title 26, Section 22(a), U.S. Code. The United States Supreme Court concluded that "'* * * this language was used by Congress to exert in this field 'the full measure of its taxing power.' *Helvering* v. *Clifford*, 309 U.S. 331, 334; *Helvering* v. *Midland Mutual Life Ins. Co.*, 300 U.S. 216, 223; *Douglas* v. *Willcuts*, 296 U.S. 1, 9; *Irvine* v. *Gavit*, 268 U.S. 161, 166. * * * Congress applied no limitations as to the source of taxable receipts, nor restrictive labels as to their nature. And the Court has given a liberal construction to this broad phraseology in recognition of the

intention of Congress to tax all gains except those specifically exempted. * * *" *Commissioner* v. *Glenshaw Glass Co.* (1955), 348 U.S. 426, 429-430.

Unquestionably, then, income subject to tax includes all income which is reached as gross income in the taxing scheme of a jurisdiction. The manner in which a state government constructs its taxing scheme does not change the result.

Thus, to say that the Brachmans' Oklahoma income was subjected to an income tax in 1983 is to mean that the Brachmans' income was subjected to Oklahoma's tax laws, all of them, not just the statutes dealing with taxable income. Therefore, the BTA was incorrect in deciding that only the portion of these taxpayers' total adjusted gross income that represents Oklahoma taxable income qualifies for the credit allowed by R.C. 5747.05(B)(1). Accordingly, we reverse the decision of the BTA and remand with instructions that the BTA recompute the credit based on the Brachmans' 1983 adjusted gross income in Oklahoma.

*Decision reversed
and cause remanded.*

HOLMES, MILLER, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, Acting C.J., HANDWORK and RESNICK, JJ., dissent.

PETER M. HANDWORK, J., of the Sixth Appellate District, sitting for MOYER, C.J.

EDGAR L. MILLER, J., of the Third Appellate District, sitting for DOUGLAS, J.

HANDWORK, J., dissenting. It is a fundamental principle of law that the

court should give the strictest interpretation to the language of a tax statute so as to avoid restricting the legislature's power to tax. *Herrick* v. *Lindley* (1979), 59 Ohio St. 2d 22, 27, 13 O.O. 3d 13, 16, 391 N.E. 2d 729, 733. The majority has failed to adhere to this principle and, therefore, I respectfully dissent. Since the General Assembly could have taxed each Ohio resident based upon total income, no matter where it was earned, and the statute is unclear as to how extensive an exemption is intended, the majority's interpretation of R.C. 5747.05(B)(1) is inappropriate.

R.C. 5747.02 provides that a tax shall be levied on each individual residing in or earning or receiving income in the state of Ohio based upon the individual's adjusted gross income less a statutory exemption for the individual taxpayer, the taxpayer's spouse, and each dependent. Certain credits are permitted against the income tax imposed by R.C. 5747.02. Among those credits is the "resident tax credit" for the tax due under R.C. 5747.02 on that part of the adjusted gross income of a resident taxpayer which was subject to tax in another state. R.C. 5747.05(B)(1).

As noted by the majority, the Board of Tax Appeals has interpreted this section on at least three prior occasions. In each case, the board interpreted R.C. 5747.05(B)(1) strictly and found that the credit must be based on taxable income. The board interpreted Ohio law strictly to avoid expanding the deductions and allowances intended by the legislature.

Appellants argue that the board's interpretation of the statute is improper because it conflicts with the obvious intent of the legislature to prevent double taxation. They assert that the legislature could have provided a credit equal to the actual tax paid, but chose instead to provide a credit which would avoid double taxation. Appellants conclude, therefore, that the method used by the other state to calculate the tax due is irrelevant. Otherwise, the Ohio credit would be directly related to the deductions allowed by the other state. The greater the deductions, the lower the credit and vice versa. Appellants argue that this result is inequitable and, therefore, clearly not the legislative intent.

Appellants are correct in their assertion that the allowance of a credit for tax paid to another state based upon the same income is a means by which Ohio may prevent double taxation which would otherwise penalize a taxpayer living in Ohio and earning income outside the state. However, the legislature also seeks to equalize the tax burden among all residents because they all enjoy the benefits of residing in Ohio. Therefore, the General Assembly designed the resident tax credit to achieve both of these goals.

While it is true that Oklahoma could have taxed appellants' entire gross income, it did not. Oklahoma, like other states, allows certain deductions to be taken against gross income, excluding some income from taxation. To give appellants a credit based upon income which was not actually taxed would not further the goals of the Ohio General Assembly. Although it may appear under appellants' analysis that they are being taxed by both states on the same income, they are not. If Oklahoma had actually taxed appellants' total gross income, appellants' resident tax credit would have been proportionately larger, thus preventing any double taxation. If we adopted appellants' view, we would be preventing the state of Ohio from taxing that portion of appellants' adjusted

gross income which Oklahoma's legislature has exempted from taxation. This result would be contrary to the purposes behind the resident tax credit.

The majority premises its decision on a comparison of the statute at issue with sections of the Internal Revenue Code pertaining to corporate taxation. While either the phrase, "subject to taxation," or the phrase, "subjected to taxation," is used in both sections, the function of each statute is uniquely different. The considerations made by Congress when it determined how to tax income earned by a United States corporation in a foreign country are not comparable to those made by a state legislature with regard to how to tax a resident individual who earned income in another state.

I would find that the Board of Tax Appeals' decision is reasonable and lawful.

SWEENEY, Acting C.J., and RESNICK, J., concur in the foregoing dissenting opinion.