Gary R. SPRADLING and William T. Copley, Plaintiffs–Appellants and Cross–Appellees,

v.

COLORADO DEPARTMENT OF REVENUE, Defendant–Appellee and Cross–Appellant.

Nos. 92CA1253, 92CA1279.

Colorado Court of Appeals, Div. I.

July 15, 1993.

Rehearing Denied Aug. 26, 1993.

Certiorari Denied April 4, 1994.

Sander N. Karp, Denver, for plaintiffs-appellants and cross-appellees.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Mark W. Gerganoff, Asst. Atty. Gen., Denver, for defendant-appellee and cross-appellant.

Opinion by Judge PIERCE.

In these consolidated appeals, plaintiffs, Gary R. Spradling and William T. Copley, appeal from a judgment of the district court dismissing their claims against the Colorado Department of Revenue (Department). The Department appeals the judgment insofar as the district court found that the facts of the case were undisputed. We affirm.

Plaintiffs were employees of the Colorado State Patrol who had contributed a portion of their earnings to the Public Employees' Retirement Association (PERA) retirement fund as required by § 24–51–114(2), C.R.S. (1982 Repl.Vol. 10), then in effect. Subsequently, plaintiffs suffered disabling injuries for which they received disability retirement payments from PERA.

At the time these payments commenced, November 1986 for Spradling and August 1977 for Copley, plaintiffs' disability benefits were not subject to state income taxes pursuant to § 39–22–110(3)(c), C.R.S. (1982 Repl. Vol. 16B), because they did not exceed $20,-000 annually. However, in 1989, the General Assembly amended § 39–22–104(4)(f), C.R.S. (1992 Cum.Supp.), limiting the tax exemption for such benefits to beneficiaries over the age of 55.

On April 29, 1991, plaintiffs, who were both under age 55, filed a complaint against PERA, to which the Department was later joined as a defendant, alleging that § 39–22–104(4)(f), as amended, violated the Colorado and United States constitutions and 42 U.S.C. § 1983 (1988), insofar as it reduced the disability benefits to which they were entitled under Colorado statute. PERA was later dismissed from the action without prejudice by stipulation of the parties.

The Department filed a motion to dismiss the complaint pursuant to C.R.C.P. 12(b)(5) for failure to state a claim for which relief may be granted. Concluding that although plaintiffs enjoyed a right to their retirement benefits, no corresponding right existed to a tax exemption covering those benefits, the district court dismissed the complaint.

## I.

On appeal, plaintiffs contend that the statutory tax exemption for PERA retirement benefits constitutes a contractual right which is indistinguishable from the right to the benefits themselves. They argue that, because the right is contractual, it abrogates the state's power to subject those benefits to income tax. Thus, plaintiffs conclude, because they were fully vested in their disability retirement pensions when the General Assembly adopted the 1989 amendments to § 39–22–104(4)(f), the amendment unconstitutionally impaired their contractual right to receive those benefits tax-free. We disagree.

## A.

Initially, the Department asserts in its appellate brief that this court lacks jurisdiction to decide plaintiffs' appeal because it concerns the constitutionality of a state statute.

However, effective July 1, 1992, the General Assembly vested this court with jurisdiction to decide appeals wherein a statute, municipal charter provision, or an ordinance have been upheld as constitutional in the prior proceedings. See Colo.Sess.Laws 1992, ch. 56, § 13–4–102(1)(b).

Because plaintiffs filed their notice of appeal on July 28, 1992, appellate jurisdiction is proper in this court.

## B.

■ Statutes are presumed to be constitutional, and a party asserting the invalidity of a particular statute bears the burden of establishing such beyond a reasonable doubt. *Anderson v. State Department of Personnel,* 756 P.2d 969 (Colo.1988).

■ Under the United States and Colorado constitutions, the General Assembly is prohibited from enacting any law "impairing the obligation of contracts." U.S. Const. art. I, § 10; Colo. Const. art. II, § 11. However, only vested contractual rights are protected from statutory impairment. *See Police Pension & Relief Board v. McPhail,* 139 Colo. 330, 338 P.2d 694 (1959).

■ Although statutes and ordinances are not presumed to create private contractual rights, they may constitute a contract, subject to the protection of the contract clause, if the statutory language and the surrounding circumstances manifest a legislative intent to create an enforceable contractual right. *Colorado Springs Fire Fighters Ass'n v. City of Colorado Springs,* 784 P.2d 766 (Colo.1989).

In *McPhail, supra,* our supreme court considered whether a contributory pension plan established under provisions of a municipal charter created a contractual right in favor of pension beneficiaries. In that case, a class of police officers who had served for 25 years or more, and thus had vested rights in the pension plan, challenged the constitutionality of a charter amendment eliminating an escalator clause that had been part of the pension at the time each of the plaintiffs had become vested. The court held that the charter amendment violated the contract clause, noting that:

> Until an employee has earned his retirement pay, or until the time arrives when he may retire, his retirement pay is but an inchoate right; but when the conditions are satisfied, at that time retirement pay becomes a vested right of which the person entitled thereto cannot be deprived; it has ripened into a full contractual obligation.

*Police Pension & Relief Board v. McPhail,* 139 Colo. at 342, 338 P.2d 694. *See also Colorado Springs Fire Fighters Ass'n v. City of Colorado Springs, supra,* at 770 ("Rights which accrue under a pension plan are contractual obligations which are protected under article II, section 11, of the Colorado Constitution and article I, section 10 of the United States Constitution.").

■ Here, the language of the statutes creating the PERA fund and the surrounding circumstances manifest a legislative intent to create an enforceable contractual right in favor of the beneficiaries. Under § 24–51–114(2), as it was in effect at the time plaintiffs were employed by the State Patrol, contribution to the PERA pension fund was mandatory. In addition, the statutes governing the PERA fund provided that persons meeting certain eligibility requirements for disability pension "*shall become entitled* to an annuity" equal to a sum certain set forth in the statute. *See* § 24–51–115, C.R.S. (emphasis supplied). *See also* § 24–51–115, C.R.S. (1982 Repl.Vol. 10); § 24–51–701, C.R.S. (1988 Repl.Vol. 10B).

■ Therefore, the district court did not err in concluding that plaintiffs enjoyed a vested right to their disability pensions. However, we find no evidence of a similar legislative intent to create a contractual right in the tax exemption for such disability benefits.

Prior to 1989, § 39–22–110(3) provided that:

> There shall be subtracted from federal adjusted gross income:
>
> . . . .
>
> (c) Except as provided in paragraph (i) of this subsection (3), amounts received as *pensions or annuities from any source,* to the extent included in federal adjusted gross income. Amounts subtracted under this paragraph (c) shall not exceed twenty thousand dollars per tax year. (emphasis supplied)

This tax exemption was not limited to PERA disability or retirement benefits; in fact, the

exemption statute makes no reference to PERA benefits whatsoever.

In 1989, the General Assembly amended the tax exemption provisions, which were later recodified as § 39–22–104(4), C.R.S. (1992 Cum.Supp.), and provided as follows:

> There shall be subtracted from federal taxable income:
>
> . . . .
>
> (f)(I) For income tax years commencing on or after January 1, 1989, amounts received as *pensions or annuities from any source by any individual who is fifty-five years of age or older* at the close of the taxable year . . .
>
> . . . .
>
> (f)(III) Amounts subtracted under paragraph (f) shall not exceed twenty thousand dollars per tax year. . . . (emphasis added)

Unlike the disability benefit provisions, the tax exemption provisions do not entitle any specific person to the exemption, nor do they contain detailed eligibility provisions. Thus, neither the statutory language nor the surrounding circumstances manifest an intent on the part of the General Assembly to create a contractual entitlement to the tax exemption. *See Colorado Springs Fire Fighters Ass'n v. City of Colorado Springs, supra.*

In *Harrick v. Lindley,* 59 Ohio St.2d 22, 391 N.E.2d 729 (1979), the Ohio supreme court addressed the identical issue presented here. In that case, a class of individuals receiving retirement benefits under the Ohio Public Employees Retirement System (PERS) brought suit to challenge the constitutionality of a state statute, enacted after plaintiffs had vested in the retirement plan, subjecting those benefits to state income taxes.

In upholding the statute, the Ohio Supreme Court held that:

> By the clear language of these sections, PERS retirees have a vested right to receive a retirement allowance or similar benefit at the rate fixed by law when such

benefit was conferred. However, neither R.C. 145.561 nor 3307.71 grants a vested right to a continuing tax exemption.

Admittedly the net bankable retirement income might be the same whether the rate of a pension is reduced, or a tax is levied on such income. However, there is a definite legal distinction between reducing the rate of a pension and levying a tax upon the income received from that pension. The vesting statutes prohibit only a reduction in the rate of payment. They do not prohibit the imposition of a tax.

59 Ohio St.2d at 27, 391 N.E.2d at 733.

While we recognize that other jurisdictions have reached the opposite conclusion under similar circumstances, *see, e.g., Hughes v. State of Oregon,* 314 Or. 1, 838 P.2d 1018 (1992), we are persuaded that the better-reasoned view is that espoused by the Ohio Supreme Court in *Harrick.*

Because § 39–22–104(4)(f), as amended, does not reduce the amount of the pension benefits to which plaintiffs are contractually entitled, and because there is no contractual right to an income tax exemption for such benefits, we hold that the statute is not constitutionally invalid insofar as it subjects those benefits to state income tax. Therefore, the district court did not err in dismissing plaintiffs' complaint.

Because our resolution of the plaintiffs' appeal obviates the issue raised by the Department on appeal, we do not address it.

The judgment of the district court is affirmed.

MARQUEZ and VAN CISE *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, § 5(3), and

§ 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).