The Honorable Tom Bradley State Representative, Fifty-Second District State Capitol, Room 174-W Topeka, Kansas 66612-1504
Dear Representative Bradley:
As representative for the fifty-second district, you request our opinion regarding the legality of 1994 senate bill no. 623 (S.B. 623). Specifically, you ask whether the exemption from taxation of benefits paid by the Kansas public employees retirement system (KPERS) may be repealed under the circumstances presented.
K.S.A. 74-4923 provides:
 "(a) No alteration, amendment or repeal of this act shall affect the then existing rights of members and beneficiaries but shall be effective only as to rights which would otherwise accrue under this act as a result of services rendered by an employee after the alteration, amendment or repeal. This subsection shall not apply to any alteration or amendment of this act which provides greater benefits to members or beneficiaries, but any increase of benefits shall only be applicable to benefits payable on the first day of the month coinciding with or following the effective date of the alteration or amendment.
 "(b) Any annuity, benefits, funds, property or rights created by, or accruing to any person under the provisions of K.S.A. 74-4901 et seq. or 74-4951 et seq., and any acts amendatory thereof or supplemental thereto, shall be exempt from any tax of the state of Kansas or any political subdivision or taxing body of the state; shall not be subject to execution, garnishment or attachment, or any other process or claim whatsoever, except such annuity or benefit or any accumulated contributions due and owing from the system to such person are subject to decrees for child support or maintenance, or both, as provided in K.S.A. 60-1610 and amendments thereto. . . ." (Emphasis added.)
Section 10 of article 1 of the United States constitution prohibits the impairment of contracts by a state.
Pursuant to a provision set forth in section 7 of S.B. 623, annuities, benefits, funds, property, or rights created by, or accruing to any person under the provisions of K.S.A. 74-4901 et seq. would no longer be exempt from taxation by the state and its political subdivisions. Several other sections of S.B. 623 would have a similar effect on other retirement systems administered by the board of trustees for KPERS. For the sake of convenience, we present our analysis of section 7 of S.B. 623. The analysis, however, is applicable to all sections of the bill affecting vested interests in the various retirement systems set forth in S.B. 623.
As a preliminary matter, it must be determined whether repeal of the exemption from taxation has the effect of impairing a contractual obligation of the state. See United States Trust Co. v. New Jersey,431 U.S. 1, 17, 97 S.Ct. 1505, 52 L.Ed.2d 92 (1977). A finding that there has been a technical impairment is merely a preliminary step in resolving the more difficult question whether that impairment is permitted under the United States constitution. United States Trust Co.431 U.S. at 21. If the impairment involves an obligation of the state pursuant to its own contract, the reserved-powers doctrine requires a determination of the state's power to create irrevocable contract rights in the first place. United States Trust Co., 431 U.S. at 23. If the reserved-powers doctrine does not preclude contracting away the reserved power, it must be determined whether there exists a significant and legitimate public purpose behind the regulation, and the adjustment of "the rights and responsibilities of the contracting parties is based upon reasonable conditions and is of a character appropriate to the public purpose justifying the legislation's adoption." Energy Reserves Group,Inc. v. Kansas Power Light, 459 U.S. 400, 412, 103 S.Ct. 697,74 L.Ed.2d 569 (1983).
Three states have reviewed the constitutionality of state legislation which resulted in the taxation of retirement pensions which previously were exempt from state taxation. Two of the states enacted their legislation in an attempt to comply with the decision of the United States Supreme Court in Davis v. Michigan Dept. of Treasury, 489 U.S. 803,109 S.Ct. 1500, 103 L.Ed.2d 891 (1989). All three cases, however, were limited to review under state constitutional provisions rather than under section 10 of article 1 of the United States constitution, and two were based on additional distinctions which limit their persuasiveness regarding the review of the legislation herein. See Herrick v. Lindley,391 N.E.2d 729 (Ohio 1979) (no vested right in tax exemption; right to tax exemption not clearly expressed by appropriate language; legislation does not result in impairment of vested right nor constitute a retroactive tax; legislation upheld); Hughes v. State of Oregon,838 P.2d 1018 (Or. 1992) (accrued and accruing pension benefits protected by state law; tax exemption is a term of the PERS contract and an obligation of the state; legislation impairs contract without consent of beneficiaries; legislation unconstitutional); Sheehy v. Public EmployeesRetirement Division, 864 P.2d 762 (Mont. 1993) (statutes fixing terms and conditions of public employment, including exemption of benefits from taxation, do not create contractual rights but merely declare policy to be pursued by legislature until declared otherwise; tax exemption separate from state retirement programs; state constitution prohibits the state from surrendering or contracting away power to tax; legislation upheld).
State retirement systems create contracts between the state and its employees who are members of the systems. Brazelton v. Kansas PublicEmployees Retirement System, 227 Kan. 443, Syl. para. 1 (1980); Singerv. City of Topeka, 227 Kan. 356, 363 (1980); Shapiro v. Kansas PublicEmployees Retirement System, 216 Kan. 353, Syl. para. 1 (1975). A public employee, who over a period of years contributes a portion of his or her salary to a retirement fund created by legislative enactment, who has membership in the plan, and who performs substantial services for the employer, acquires a right or interest in the plan which cannot be whisked away by the stroke of a legislative or executive pen, regardless whether the employee's contribution is voluntary or mandatory. Singer, 227 Kan. at 363. Continued employment over a reasonable period of time during which substantial services are furnished to the employer, plan membership is maintained, and regular contributions into the fund are made cause the employee to acquire a contract right in the pension plan.Singer, 227 Kan. at 365. If the member has completed 10 years of credited service at the date of termination of employment with a participating employer, the member is automatically granted a vested retirement benefit in the system. K.S.A. 1993 Supp. 74-4917. The rights are substantial and are vested and subject to the protection afforded by the contract clause of section 10 of article 1 of the United States constitution,Singer, 227 Kan. at 365; Brazelton, 227 Kan. at 451. The retroactive change of vested retirement benefits under an employment contract in a substantial manner unilaterally by a governmental employer to the disadvantage or detriment of its employees violates the contract clause of the United States constitution and the provisions of K.S.A. 74-4923.Brazelton, 227 Kan. at 451.
Contained within the provisions of K.S.A. 74-4923 is an exemption of the annuity, benefits, funds, property or rights created by or accruing to any person under the provisions of K.S.A. 74-4901 et seq. or 74-4951et seq. from taxation by the state of Kansas. The courts in Herrick v.Lindley, 391 N.E.2d at 733, and Hughes v. State of Oregon,838 P.2d at 1032, placed emphasis upon the placement of the statutory provision regarding exemption of the retirement benefits from taxation. The exemption from taxation of benefits payable by KPERS is contained within the act regarding the retirement system and within the statute precluding alteration, amendment or repeal of vested rights of members and beneficiaries. Thus, the exemption from taxation constitutes a provision of the contract between the state and its employees who are members of the retirement systems. Repeal of the exemption from taxation has the effect of impairing a contractual obligation of the state.
The police power and the power of eminent domain are among those reserved-powers that may not be contracted away, but the state may bind itself in the future exercise of taxing and spending powers. UnitedStates Trust Co., 431 U.S. at 23-24. Tax exemptions are constitutionally permissible and the legislature may provide statutory exemptions if such exemptions have a public purpose and promote the general welfare. Stateex rel. Tomasic v. Kansas City, Kansas Port Authority, 230 Kan. 404, 412
(1981). A state may, by contract, exempt property rights or franchises from taxation, and subsequent legislation which impairs the obligation of such contract is void. 16A C.J.S. Constitutional Law sec. 286 (1984). The legislature had the authority to enact the exemption from taxation provided in K.S.A. 74-4923, and to contract away its taxing power.
As the reserved-powers doctrine does not preclude contracting away the power of taxation, we must proceed to determine whether the adjustment of the rights and responsibilities of the state and its employees who are members of KPERS is based upon reasonable conditions and is of a character appropriate to the public purpose justifying the legislation's adoption. In applying this standard, complete deference to a legislative assessment of reasonableness and necessity is not appropriate because the state's self-interest is at stake. United States Trust Co.,431 U.S. at 25-26. The state may make reasonable changes or modifications in pension plans in which employees hold vested contract rights, but changes which result in disadvantages to employees must be accompanied by offsetting or counterbalancing advantages. Singer, 227 Kan. at 367. The reasonableness of legislative changes is to be measured by the advantage or disadvantage to the affected employees as a group or groups; validity of change is not dependent upon the effect upon each employee. Singer, 227 Kan. at 367.
The Kansas Supreme Court has twice reviewed whether amendments to retirement systems administered by KPERS has impaired the contractual rights of members of the systems. In Singer, supra, the legislature attempted to equalize the rate of contribution of all members of the Kansas police and firemen's retirement system (KPF). The effect of the amendments was to raise the contribution rate of certain members from 3% to 7%. No additional benefits were granted the members, except for a modification of the outside income allowed to pensioners. The court recognized that reasonable modifications prior to retirement for the purpose of keeping the system flexible and accomodating changing conditions are allowed. Singer, 227 Kan. at 367. However, amendments which more than double member contributions without increasing benefits impose a substantial detriment without correlative benefit. Id. The amendments as applied resulted in a violation of section 10 of article 1
of the United States constitution. Id at 369.
In Brazelton, supra, the Kansas Supreme Court reviewed amendments which attempted to end the interlocking of social security and KPF. Prior to the effective date of the amendments, members' contributions to KPF were reduced by the amount of contributions to social security, such that no more than 7% of a member's salary went to pay for retirement in one form or another. Brazelton, 227 Kan. at 444-45. KPF benefits were reduced by one-half the amount received in social security benefits. Id at 445. Following the effective date of the amendments, members were required to contribute 7% of their salary to KPF and were eligible to receive full retirement benefits from KPF. Id. Members were also required to make up a contribution shortfall. Id at 446-47. The members were given no options regarding their participation under the amendments. The court determined that the amendments were:
 "[A]n unconstitutional violation of the contract clause . . . and . . . contrary to the express provisions of K.S.A. 74-4923. Absent any option for members of plantiffs' class to retain their old position in the system or accept the new provisions, the rights of the members of the class have been substantially impaired unilaterally and retroactively without offsetting advantages." Id. at 455.
The fiscal note prepared by the division of the budget states that enactment of S.B. 623 will result in annual income to the state general fund of approximately $27.5 million. Fiscal Note, 1994 Senate Bill No. 623, February 7, 1994. No offsetting benefit is provided within the provisions of S.B. 623. 1994 senate bill no. 624 (S.B. 624) does include a benefit for members of KPERS who retire before July 1, 1994. Pursuant to the provisions of S.B. 624, a single lump-sum payment equal to $8.25 per year of credited service under KPERS or $100, whichever is greater, would be dispersed to each member of KPERS who retires before July 1, 1994. The fiscal note for S.B. 624 states that "passage of S.B. 624 would require a transfer of approximately $8.0 million from state monies to the Kansas Public Employees Retirement Fund to make the single payment to retirees." Fiscal Note, 1994 Senate Bill No. 624, February 28, 1994. S.B. 623 and S.B. 624 do not appear to be tied together in any fashion, and passage of one would not necessarily guarantee passage of the other. If both bills are enacted by the legislature, those members who have a vested right to the tax exemption but who have not retired by July 1, 1994, receive no offsetting benefit. The repeal of the exemption from taxation is not accompanied by offsetting or counterbalancing advantages. See Brazelton, 227 Kan. at 455; Singer, 227 Kan. at 367-69. The legislation is not proposed for the purpose of preserving or protecting the retirement system. See Brazelton, 227 Kan. at 453-54. Therefore, the modification proposed in S.B. 623 is not based upon reasonable conditions with a sufficient public purpose justifying the legislation's adoption.
Because the legislation proposed in S.B. 623 impairs a contractual right of those members having a vested interest in the retirement system without accompaniment of an offsetting or counterbalancing advantage, the legislation proposed in S.B. 623 violates section 10 of article 1 of the United States constitution and K.S.A. 74-4923.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm